[No. 679.]

## THE STATE OF NEVADA EX REL. ANNA MURPHY AND MARTIN LUTZ *v.* RICHARD RISING.

SECTION 6, ARTICLE VI, OF THE CONSTITUTION CONSTRUED.—The expression "all cases at law," as used in the Constitution (Section 6, Art. VI), has no application whatever to criminal cases.

MALICIOUS MISCHIEF—TITLE TO PROPERTY NOT INVOLVED ON TRIAL OF.— An action for malicious mischief does not involve any question of title or right of possession to real estate.

TRESPASS AND MALICIOUS MISCHIEF—DIFFERENCE BETWEEN.—In an action for trespass the plaintiff's right to compensation depends wholly upon his right to the property and not at all upon the motives of the defendant; and in an action for malicious mischief the guilt of the defendant depends not at all upon his right to the property, as against one in adverse possession, but wholly upon his motive.

JURISDICTION OF MALICIOUS MISCHIEF.—Justices of the peace have jurisdiction to try an action for malicious injury to real estate in cases where the defendant claims an adverse title to the property.

MANDAMUS.—The writ of mandamus will not be issued to compel a district judge to try an action for malicious injury to real estate, transferred from a justice's court, because the district court has no jurisdiction of the offense.

THIS was an original application to the Supreme Court for a writ of mandamus to compel the respondent, as judge of the first judicial district, Storey County, to try the defendant for the alleged offense of malicious mischief.

The facts are stated in the opinion.

*Aude & Elliott,* for Relator.

I. The offense charged involves "a question of title to real property, or of the right to the possession thereof" (1 Comp. L. 2303), whenever the defendant sets up title and right of possession in himself to the real property charged to have been injured. (1 Comp. L. 1600.)

II. The action of trespass for injury to real estate is very similar to the action of malicious mischief for injury to the same character of property. The former is punished in a *quasi* criminal action in damages, while the latter is punished in a criminal action by fine and imprisonment.

III. The claim of title or the right to the possession of the property charged to have been injured in the defendant, is a sufficient and complete defense to the action. Where the defendant claims and sets up title or right of possession to the property, his guilt or innocence of the offense charged cannot be ascertained and determined until the question of title or the right to the possession is adjudicated and determined. Inasmuch as this cannot be done in the justice's court, for want of jurisdiction (Sec. 8 of Art. VI of the Constitution), it was properly transferred to the district court, which has jurisdiction. (Sec. 6, Art. VI of the Constitution.)

IV. If it appears from the answer filed by defendant in a justice's court that the determination of the action will necessarily involve a question of title to real property, the cause should be transferred to the district court, and when so transferred, the district court obtains complete jurisdiction in the premises. (*Doherty* v. *Thayer,* 31 Cal. 140.)

V. In an action for trespass upon lands where the defendant pleads in justification a right of way (public or private) over such lands, this draws the title to real property in question within the statute excluding questions of title from the jurisdiction of justices. (1 Johns. 146; *Stocker* v. *Mott,* 6 Wend. 465; *Saunders* v. *Wilson,* 15 Wend. 338; *Whiting* v. *Dudley,* 19 Wend. 373; *Randall* v. *Crandall,* 6 Hill, 342; *Willoughby* v. *Jenks,* 20 Kendall, 96; *Little* v.

*Dean*, 34 N. Y. 452; *Heath* v. *Barmour*, 53 Barb. 444; 35 How. 1; *Fredonia & Sinclearsville Plank Road Co.* v. *Wait*, 27 Barb. 214.)

*R. H. Taylor*, for Respondent.

I. The justices' courts in this State have jurisdiction of the offense charged. (1 Comp. L. 936, 2450.)

II. The issue to be tried cannot involve the title to real estate or mining claims, or affect the question of boundaries to land; the only matter "involved" is, the guilt or innocence of the defendant; hence the restrictions upon the jurisdiction of justices, contained in the second subdivision of section 8, Article VI of the Constitution, cannot apply to a criminal case, but evidently refer to civil actions, in which the judgment may involve or affect the title to real estate, or mining claims, or boundaries to land.

III. The offense of malicious mischief is clearly without the jurisdiction of district courts. (1 Comp. L. 925; Sec. 6, Art. VI, Constitution.)

IV. The act of March 13, 1867 (1 Comp. L., page 51), requiring the justices to transfer criminal actions to the district court in the contingencies therein mentioned, if not unconstitutional, is at least inoperative.

By the Court, BEATTY, J.:

This is an application by the relators for a writ of mandamus. The facts briefly stated are as follows: The relators laid their complaint before a justice of the peace of Storey County, charging one Daniel Grant with the crime of malicious mischief committed by breaking a fence, the property of relators. A warrant was issued by the justice, Grant was arrested, pleaded not guilty, and his trial was proceeding before a jury, when it was made to appear to the satisfaction of the justice, from the testimony and the statements of counsel, that Grant and the prosecuting witnesses claimed adversely to be owners of the land upon which the fence in question was erected. The justice concluded, therefore,

that the action could not be tried without deciding a question of title to real property, or the right to the possession thereof. He accordingly suspended the proceedings, and transferred the action, together with the papers and a transcript of the proceedings, to the first district court, of which the defendant was, and still remains, the judge. Afterwards counsel for Grant moved in the district court to dismiss the prosecution, upon the ground that the act under which it was transferred to that court was unconstitutional and void. The court (defendant presiding) sustained the motion, struck the action from the files of the court, and refuses to proceed with the trial, basing his action upon the ground that a prosecution for malicious mischief could not, under any circumstances, involve a question of title to real estate or property, or of the right of possession thereof, and, consequently, that the case had been improperly transferred. We are asked to command him to set aside his order and proceed with the trial of the action.

The offense imputed to Grant is defined in section 144 of the act concerning crimes and punishments, which imposes a fine not exceeding two hundred dollars, or imprisonment not exceeding six months, upon any person convicted of willfully, unlawfully and maliciously pulling down, injuring or destroying any gate, post, railing or fence, or any part thereof, *being the property of another.* (1 Comp. L. 2450.)

Section 34 of the act concerning courts of justice confers upon justices' courts jurisdiction of "all misdemeanors punishable by fine not exceeding five hundred dollars, or imprisonment not exceeding six months, or by both such fine and imprisonment." (Comp. L. 939.)

If this language is subject to no limitation or qualification by reason of constitutional or other legislative provisions, it is clear that justices of the peace have jurisdiction of the offense in question.

As the argument on the part of relators assumes that the provisions of sections 6 and 8 of Art. VI of the Constitution affect the question of jurisdiction, it will be necessary in the first place to inquire what their bearing is. By sec-

tion 6, the district courts are given original jurisdiction "in all cases in equity; also, in all cases at law which involve the title or the right of possession to, or the possession of, real property, * * * and also in all criminal cases not otherwise provided for by law." Section 8 provides for the appointment of justices of the peace, and empowers the legislature to "fix by law their powers, duties and responsibilities," with the *proviso* that they shall not have jurisdiction "of cases wherein the title to real estate or mining claims, or questions of boundaries to land, is or may be involved; or cases that shall in any manner conflict with the jurisdiction of the several courts of record in this State; *and provided further*, that justices' courts shall have such criminal jurisdiction as may be prescribed by law," etc. It is further provided that the legislature may confer upon justices' courts jurisdiction concurrent with the district courts of certain enumerated civil actions which involve questions of possession, or right of possession, of real property.

The question of construction here presented is, whether the expression above quoted from section 6, "Also, in all cases at law which involve the title or the right of possession to, or the possession of, real property," was intended to embrace or has any application to criminal prosecutions. If it does not embrace criminal cases, then it seems clear that the jurisdiction of such cases is entirely subject to legislative control. In the absence of legislative enactment, all criminal jurisdiction remains in the district courts. But the legislature may confer the jurisdiction in any or all cases upon the justices' courts; and to the same extent that jurisdiction is conferred upon them—at least where it is done without other express provision — it is taken away from the district courts. If, on the other hand, the expression, "all cases at law which involve the title," etc., is held to embrace criminal actions, then the power of the legislature to confer criminal jurisdiction upon justices' courts is limited to such cases as do not involve the title or right of possession, or *possession*, of real property; for the jurisdiction of all such cases being vested in the district courts by the Con-

stitution, it cannot be taken away from them; and it cannot be exercised concurrently by the justices' courts, for this would involve the conflict of jurisdiction forbidden by the *proviso* above quoted from section 8, Art. VI of the Constitution. If there could be any doubt of the correctness of this conclusion, it would be set at rest by the consideration that the following proviso, expressly empowering the legislature to confer a concurrent jurisdiction in certain specified cases, implies the exclusion of such power in all other cases. So far as the decision of this case is concerned, we should reach the same conclusion by adopting either of the constructions we have suggested, and that is to refuse the writ. For, supposing the expression, "all cases at law," to have been intended to embrace criminal actions, it follows, as we have shown, that the district court has original and exclusive jurisdiction of all criminal actions which involve the title or right of possession, *or the possession,* of real property. And all prosecutions for malicious injury to real property necessarily involve the question of possession. The complaint must aver ownership of the property injured in some person other than the defendant in the action. A plea of not guilty puts the fact of ownership in issue, and the very lowest character of proof by which it can be established is that of possession. The moment the charge is sufficiently stated, it shows on its face that a justice of the peace has no jurisdiction to try it, or even to give judgment upon a plea of guilty. · The most he could do would be to hold the defendant to answer in the district court, where he could only be prosecuted by indictment, and not upon a complaint made before the justice of the peace. (1 Comp. L. 1680.) The charge made against Grant was of a malicious injury to a certain fence, the property of relators. Does proof of ownership of a fence necessarily involve a question of title or right of possession, or possession, of real property? Certainly it does, if the fence belongs to the owner of the soil upon which it is erected, for it is then a part of the realty. And if a case can be supposed in which a fence is personal property of the owner, it can only

be shown to be such by proof that some other person is owner of the soil upon which it stands, and that involves the forbidden question. Therefore, if the original jurisdiction of all criminal cases which involve the title, etc., of real property belongs exclusively to the district courts, a justice of the peace cannot require a defendant to plead to a charge of maliciously breaking a fence; and if he does, a district court cannot try an issue so made. It can only proceed upon an indictment in such cases.

But we do not believe that the expression, "all cases at law," as used in the Constitution, was intended to apply to criminal actions at all, and we have only assumed for the moment that it does, in order to show that, in any event, the district judge was right in dismissing the charge against Grant. We base our decision upon the view that the words " all cases at law," and " all criminal cases," as used in the Constitution, were intended to designate distinct categories mutually exclusive, and that the legislature has full power to parcel out the jurisdiction of criminal cases between the district courts and justices' courts, wholly unrestricted by the consideration that they may involve possession of real property. If we are correct in this view, there can be no doubt that the justice's court had jurisdiction of the offense charged against Grant, and that it was his duty to try and determine it, unless it was made satisfactorily to appear to him, before or during the trial, that the action could not be tried without deciding a question of title to real property, or of the right to the possession thereof; in which case, and in which case alone, it was his duty, in obedience to the statute, and without any reference to the Constitution, which, as we think, has no application to criminal cases in this particular, to transfer the proceeding to the district court. And in such case it was clearly the duty of the district court to try the action upon the complaint filed and plea interposed before the justice of the peace. (1 Compiled Laws, 2303.)

But the district judge decided that the action for malicious mischief could not involve a question of title or right

of possession to real estate, and, if he was right in that
view, he had no jurisdiction of the case, and pursued the
proper course in dismissing it. Was he right? We think
he was. It is true, as we have seen, that, in a prosecution
for this offense, it is necessary to allege and prove that the
property injured belongs to some person other than the de-
fendant. But it must, in all cases, be described as the
property of the person actually in possession *suo jure*, by
which is meant the person in possession as tenant or owner,
as distinguished from a mere servant or agent of the tenant
or owner, whose possession is always deemed to be that of
his master or principal. This is the well-settled law of bur-
glary and arson, the only other common law offenses that
occur to us which involve injury to real property, and we
have no doubt that malicious mischief is governed by the
same principles. Proof of possession is therefore the ap-
propriate and sufficient proof of ownership, and the estab-
lishment of a *prima facie* case against the offender cannot
involve the title or right of possession. But can the de-
fendant overthrow the *prima facie* case against him by set-
ting up and proving a right of possession or title superior
to that of the person in actual adverse possession? This is
the question upon which the case turns, for, if it is answered
in the affirmative, it seems to follow that the action against
Grant could not have been tried without deciding whether
he or the relators had the better right to the real property
alleged to have been injured—the very case in which the
statute directs the transfer of the proceeding to the district
court. There can be no doubt of this, for in Massachusetts,
New York and California, under substantially the same
statutory provisions as to jurisdiction and the transfer of
proceedings from justices' courts to courts of record, it has
been uniformly held that, although justices of the peace
have jurisdiction of the civil action of trespass to real prop-
erty, because the plaintiff may recover upon proof of
possession merely, and the right of possession is not nec-
essarily involved, yet his jurisdiction may be ousted by the
defendant's plea of freehold; and in that case the proceed-

ing must be transferred to a court competent to try an issue of title. And the analogy between the actions of trespass and malicious mischief is perfect, if the same proof that would support a plea of freehold in the former, will justify or excuse the defendant under a plea of not guilty in the latter. But we think that, in this respect, the actions are totally unlike. In the civil action the plaintiff asks to be compensated for an injury to his property, and the law very justly says that no compensation is due if the defendant has a better right to the property than the plaintiff. But in the criminal prosecution for malicious mischief, the State pursues the offender for his malicious breach of the public peace. If he has entered upon the peaceable possession of another for the purpose of injuring him, a perfect adverse title to the property will not excuse him. In the interests of the public tranquillity he is forbidden to vindicate his rights by such means. The *gravamen* of the criminal charge is the malice, and that being shown, title to the property does not excuse it. On the other hand, a mere claim and color of title may rebut a presumption of malice where the circumstances of the case, taken in connection with such claim of title, show that the purpose of the defendant was not to injure the person in possession, but only to exercise a right which he believed himself in good faith entitled to exercise. In such a case he might offer evidence tending to show a title to the premises, or might prove a perfect title, but this proof could only be considered with reference to the *animus* of his entry. No matter how complete it might be in respect to the title, it would go for nothing if his motive appeared to have been malicious; and no matter how incomplete it might be, if, taken in connection with the other testimony in the case, it rebutted the proof or presumption of malice, he would be acquitted. The difference between the actions of trespass and malicious mischief is this: in the former, if the defendant can show title or right of possession, no matter how criminal his conduct may have been, the plaintiff cannot recover. If he cannot show title or right of possession the plaintiff may recover, no

matter how innocent his motives may have been. In other words, the plaintiff's right to compensation depends wholly upon his right to the property, and not at all upon the motives of the defendant. But in the latter, the guilt of the defendant depends not at all upon his right to the property as against one in adverse possession, but wholly upon the motive of the injury, and consequently it is not necessary, in order to try the case, to decide whether he has the title or right of possession or not. The justice of the peace, therefore, had jurisdiction to try the case, notwithstanding an adverse claim of title by Grant, and the district court did not have jurisdiction.

Mandamus denied.