[No. 900.]

# TOWN OF GOLD HILL, APPELLANT, *v.* ALEXANDER BRISACHER, RESPONDENT.

VIOLATION OF TOWN ORDINANCE—CRIMINAL CAUSE—JURISDICTION.—The trial of a party charged with violation of a town ordinance is a criminal case. The charge does not amount to a felony, and this court has no jurisdiction in such a case.

APPEAL from the District Court of the First Judicial District, Storey County.

The facts appear in the opinion.

*J. H. Harris*, Town Attorney, and *R. H. Taylor*, for Appellant.

*William Woodburn*, for Respondent.

By the Court, BEATTY, C. J.:

The defendant was convicted in a justice's court of violating an ordinance of Gold Hill and adjudged to pay a fine and to be imprisoned in default of payment. He appealed to the district court of Storey county, where a judgment was rendered in his favor. From that judgment this ap-

peal is taken.   The defendant moves to dismiss the appeal on the ground that the supreme court has no jurisdiction in cases of this character.   The motion must prevail.   This is not a "case at law" involving the legality of a municipal fine.   We decided in *State* v. *Rising*, 10 Nev. 103, that the expressions "all cases at law" and "all criminal cases," as used in the constitution, were intended to designate distinct categories, mutually exclusive.   This is clearly a criminal case, and can not, therefore, be one of the "cases at law" in which this court has appellate jurisdiction; and since the offense charged does not amount to a felony, we have no jurisdiction of it as a criminal case.   (Constitution, art. VI., sec. 4.)

The appeal is dismissed.