[No. 2308]

# THE CITY OF RENO, RESPONDENT, *v.* J. B. DIXON, APPELLANT.

[172 Pac. 367; 177 Pac. 17]

1. CRIMINAL LAW — SUPREME COURT — JURISDICTION — CRIMINAL CASES—"CASES AT LAW."

   The penalty which a city under its charter (Stats. 1915, c. 184; Stats. 1917, c. 76) may prescribe for violation of an ordinance being such that the offense under the definition of Rev. Laws, 6266, is a misdemeanor, the supreme court has no jurisdiction of appeal from conviction thereof, its appellate jurisdiction in criminal cases being by Const. art. 6, sec. 4, limited to felony, and it being immaterial that the case was transferred from the police court to the district court because the validity of the tax imposed by the ordinance was attacked; "cases at law" in which is involved the legality of a tax, of which the supreme court is given appellate jurisdiction, not including a criminal case.

APPEAL from Second Judicial District Court, Washoe County; *T. F. Moran,* Judge.

J. B. Dixon, prosecuted by the City of Reno for violation of ordinance against practicing the profession of law without a license, was, on removal of the case from the city court to the district court, convicted, and appeals. **Appeal dismissed.**

*Frame, Browne & Burrows,* and *J. B. Dixon* (in pro. per.), for Appellant:

The legislature is prohibited from passing local laws or prescribing punishments for crimes or misdemeanors in particular localities. All laws declaring offenses to be crimes or misdemeanors must be general in their nature. Const. Nev., art. 4, sec. 20. This prohibition extends also to municipalities like the city of Reno, which is acting under delegated authority. The legislature has no power to delegate authority to the city of Reno to declare an act committed there and not elsewhere a misdemeanor, the state having no power to authorize a municipality to do that which it cannot itself lawfully do.

The identical act penalized by the ordinance has never been the subject of state legislation; and if the ordinance in question be construed to create a misdemeanor, which we think is not necessary, the same is void as infringing upon the constitutional provision cited; and if the violation of the ordinance creates merely a penalty, as distinguished from a misdemeanor, which implies an offense against the sovereign, the same may be collected by a civil action, known as an action at law or civil proceeding, bringing the question of the validity of the tax or municipal fine within the jurisdiction of the supreme court.

A proceeding for a violation of a city ordinance is a civil and not a criminal action. Cassville v. Jimmerson, 75 Mo. App. 426; City v. Tarwater, 44 S. W. 750; Hoyer v. Town of Mascoutah, 59 Ill. 137; City of St. Louis v. Knox, 74 Mo. 78. An action to recover a penalty for hawking and peddling without a license is a civil action, entitling either party to an appeal. Webster v. People, 14 Ill. 365. An action instituted for the recovery of a penalty, provided for by a municipal ordinance, prohibiting the use of profane and obscene language is a civil action, although the person charged may be brought into court under a warrant, and therefore either party has the right of appeal. Knowles v. Wayne City, 31 Ill. App. 471. The phrase "civil action" includes actions to recover a penalty or forfeiture for the violation of some law. Ives v. Jefferson County, 18 Wis. 166; Lyman v. Boston & A. Ry. Co., 70 Fed. 408; Waters v. Day, 10 Vt. 487.

Where a penalty is provided by statute, and there is no specified mode of recovery prescribed, an action of debt will lie. 30 Cyc. 1343, et seq. An action brought for the recovery of a penalty is governed by the same rules of evidence as are applicable to ordinary civil actions. In general, the rules of procedure relating to trials in civil actions, including the giving of instructions, as well as defining the province of the court and jury, will govern. 30 Cyc. 1357. Where an action to

recover a penalty is regarded as a civil action, an appeal will lie from the judgment. State officers cannot, by instituting an action in the form of an indictment, deprive the party of the right of appeal. 30 Cyc. 1361.

*L. D. Summerfield,* City Attorney, for Respondent:

Appellant contends that section 18 of article 4 of the constitution, providing that the legislature 'shall not pass local or special laws for the punishment of crimes and misdemeanors, removes the case at bar from the criminal category. However, said section applies only to the legislature, and prohibits it from passing any criminal law not generally applicable throughout the entire state. What is the rule relative to municipalities? This phase of the question is controlled by section 1 of article 4, where the following express exception to special acts is made: "The legislature shall pass no special act in any matter relating to corporate powers except for municipal purposes." Under this provision of the constitution, powers conferred on municipal corporations by special charter have been held valid. State v. Swift, 11 Nev. 128; State v. Ruhe, 24 Nev. 251.

Under section 4 of article 6 of the constitution of Nevada the supreme court has no jurisdiction of this appeal. To bring the action into this court on appeal, it would have to be either a case at law involving the title or the right of possession to, or the possession of, real estate or mining claims, or the legality of a tax, impost, assessment, toll, or municipal fine, or a criminal case in which the offense charged amounts to a felony. "We do not believe that the expression 'all cases at law,' as used in the constitution, was intended to apply to criminal actions at all, and we have only assumed for the moment that it does, in order to show that, in any event, the district judge was right in dismissing the charge against Grant." State v. Rising, 10 Nev. 97.

"In the light of the provisions as we find them in the charter of the city of Reno, we apply the reason as well as the interpretation which we find in the case of State

v. Rising, supra, and in the language of Mr. Justice
BEATTY, as said in that case, we say there can be no
doubt that the municipal court had jurisdiction of the
offense charged against the petitioner, and that it was
the duty of that court to try and determine it, unless it
was made to appear, before or during the trial, that an
issue involving the legality of a tax or the constitution-
ality of an ordinance imposing a tax, was to be. decided,
in which case it was the duty of the municipal court, in
obedience to the statute, to transfer the proceeding to
the district court." In Re Dixon, 40 Nev. 228. Follow-
ing this decision, and in exact accordance with the
instructions there laid down, the case at bar was cer-
tified to the district court, in obedience to the statute,
and there tried. Under section 4 of article 6 of the con-
stitution of Nevada, therefore, unless the present action
presents a case at law in which is involved the legality
of a tax municipal fine, or a criminal case in which the
offense charged amounts to a felony, this court has no
jurisdiction, and the appeal should be dismissed. This
point has been conclusively settled. Town of Gold Hill
v. Brisacher, 14 Nev. 52.

By the Court, MCCARRAN, C. J.:

A prosecution was commenced in the police court of
the city of Reno against the appellant, Dixon, by a com-
plaint under oath. In that complaint the appellant was
charged with having unlawfully practiced the profession
of law at and within the city of Reno without having
first obtained and paid for a license from the city clerk
of the city of Reno. The prosecution was instituted
under a city ordinance. Appellant was arraigned in the
police court upon the complaint. On arraignment, appel-
lant filed a motion to set aside the complaint, alleging,
among other things, that the ordinance under which the
license tax was imposed was invalid. Upon the filing of
the motion by the appellant, the police court made an
order transferring the cause to the Second judicial dis-
trict court in and for the county of Washoe, upon the

ground that the validity of a tax was involved and that the police court was without jurisdiction. In the meantime, the matter had been considered by this court under proceedings in habeas corpus. In Re Dixon, 40 Nev. 228, 161 Pac. 737. It was pursuant to the order of this court that the municipal court transferred the matter to the district court. On trial in the district court before a jury, a verdict of a conviction was rendered against the appellant. From that verdict, and from the judgment entered pursuant thereto, appellant seeks to appeal to this court. A motion to dismiss the appeal is earnestly presented here by respondent.

The prosecution in this case was conducted against the defendant for a violation of a municipal ordinance. Viewing the matter as of the first instance, the municipal court had, without doubt, jurisdiction of the offense charged against petitioner, and that court might with propriety have tried and determined the matter. It was on the motion of appellant, in which motion he raised the question of the legality of an ordinance imposing a tax, that the matter was transferred to the district court. In the case of Ex Parte Dixon, supra, following the doctrine of the case of State v. Rising, 10 Nev. 97, we held that it was in obedience to the statute that the judge of the municipal court was required to transfer the proceedings to the district court.

By statutory declaration the legislature of this state has declared what is to be regarded as a misdemeanor and what is to be regarded as a felony. Section 6266, Rev. Laws, provides:

"A crime is an act or omission forbidden by law and punishable upon conviction by death, imprisonment, fine, or other penal discipline. * * * Every crime punishable by a fine of not more than five hundred dollars, or by imprisonment in a county jail for not more than six months, is a misdemeanor."

The offense charged against the appellant was not raised to the dignity of a felony by being transferred to the district court. It was in the first instance, and

remains until the present, possessed only of the qualities and characteristics of a misdemeanor. It originated under a provision of the charter of the city of Reno authorizing the city council "to prescribe fines, forfeitures, and penalties for the breach or violation of any ordinance, or the provisions of this charter," in which it is further provided:

"No penalty shall exceed the sum of $500 or six months imprisonment, or both such fine and imprisonment." Stats. 1915, p. 273; Stats. 1917, p. 119.

The right of appeal to this court in such matters has been definitely and positively negatived by the case of Town of Gold Hill v. Brisacher, 14 Nev. 52, and as said there by Mr. Chief Justice BEATTY, after referring to the case of State v. Rising, supra, so we say here:

"This is clearly a criminal case, and cannot therefore be one of the 'cases at law' in which this court has appellate jurisdiction; and, since the offense charged does not amount to a felony, we have no jurisdiction of it as a criminal case. Const. art. 6, sec. 4."

The appeal is dismissed.

It is so ordered.

## ON REHEARING

By the Court, MCCARRAN, C. J.:

A rehearing of this case was granted on petition of appellant. In our former opinion we held that the offense charged against petitioner was a misdemeanor, and, being such, did not come within the appellate jurisdiction of this court. It was our judgment then that the former decision of this court in the case of Town of Gold Hill v. Brisacher, 14 Nev. 52, was controlling. The petition for rehearing and an argument of counsel on the rehearing sought to distinguish that case from the matter at bar.

We are not in accord with the theory of differentiation. To differentiate would be to set aside the whole theory of the law as laid down by Mr. Chief Justice BEATTY in the Brisacher case. It is our judgment that

the law was there correctly interpreted, and that the rule of that case is controlling in this.

Our former opinion will prevail, and the order therein made is hereby reaffirmed.

It is so ordered.