CURNOW *v.* KESSLER.

1. JUSTICES OF THE PEACE—JURISDICTION—COMPLAINT.

Under 2 How. Stat. § 7093, providing that, on complaint being made to a justice of the peace of the commission within his county of an offense cognizable by him, he shall examine the complainant on oath, and the witnesses produced by him, and, if it appear that the offense has been committed, shall issue a warrant of arrest, a justice has jurisdiction to issue such warrant upon a complaint sworn to on information and belief, where it is supplemented by testimony on oath of witnesses cognizant of the facts.

2. SAME—PRESUMPTION.

It will not be presumed that there was no positive evidence before a justice of the peace justifying the issuance of a

warrant, although the complaint was made on information
and belief, where the warrant recites that, prior to its issu-
ance, the justice examined on oath a witness other than the
complainant.

3. SAME—OFFICIAL ACT—IMMUNITY FROM PROSECUTION.
   A justice of the peace, having acquired jurisdiction to issue
   a warrant of arrest, cannot be held personally liable to the
   individual arrested upon the ground that such action was
   the result of corrupt or malicious motives.

4. SAME—ERROR OF JUDGMENT.
   The inclusion in a sentence imposed by a justice of the
   peace of compensation to the complaining witness is an
   error of judgment at most, and does not render the justice
   liable to the accused in a civil action.

Error to Houghton; Hubbell, J.   Submitted June 5,
1896.   Decided June 30, 1896.

Case by John Curnow against Frank W. Kessler, a
justice of the peace, for false imprisonment and malicious
prosecution.   From a judgment for defendant on verdict
directed by the court, plaintiff brings error.   Affirmed.

*J. F. Hambitzer*, for appellant.
*Dunstan & Hanchette*, for appellee.

MONTGOMERY, J.   The defendant is a justice of the
peace, and, while acting in that capacity, issued a war-
rant for the apprehension of plaintiff on the complaint of
one Alfred Leclere.   Plaintiff was arrested, brought
before defendant, the cause adjourned, and a trial had
before a jury.   Plaintiff was convicted, sentenced to pay
a fine of $16, including costs, which he paid, and was
discharged.   The declaration sets forth all these facts,
and also avers that the complaint was not sufficient to
confer jurisdiction upon the justice, and also that defend-
ant acted maliciously in what he did, and with a view to
assisting the complaining witness to collect a civil demand
of the plaintiff.

The material portion of the complaint is as follows:

"The complaint of Alfred Leclere, of So. Lake Linden, taken and made before me, Frank W. Kessler, a justice of the peace of Torch Lake township, in said county of Houghton, upon the 6th day of May, A. D. 1895, who, being duly sworn, says that heretofore, to wit, on the 3d day of May, A. D. 1895, John Curnow, of So. Lake Linden, Houghton Co., Mich., at the town of So. Lake Linden, in the said county of Houghton, has taken mortar which belongs to Alfred Leclere, without his consent or his permission, of the value of five dollars, of the goods and chattels and property of Alfred Leclere, of So. Lake Linden, in the town of So. Lake Linden, then and there being found, was then and there taken or carried away, or feloniously stolen, taken, and carried away, and that he is informed by Jos. Robarge and Herenler Lachance, and believes, and has good reason to believe, that John Curnow did feloniously steal, take, and carry away the said above-described goods and chattels, mortar, as above set forth."

The warrant issued upon the complaint recites the substance of the complaint, and contains the following further recitation:

"And whereas, on examination on oath of said Alfred Leclere, and of witness produced by said Alfred Leclere, by and before me, the said justice of the peace, it appears to me, the said justice of the peace, that said offense has been committed, and that there is just and reasonable cause to believe the said John Curnow, of So. Lake Linden, to have been guilty thereof."

The complaint is inartificial, but it contains a description of property belonging to Alfred Leclere, the complaining witness, and it is alleged on the oath of the complainant that the property was taken without his consent, and, further, that the complainant is informed by certain named persons, and has good reason to believe, that John Curnow did feloniously steal, take, and carry away the said above-described goods and chattels. If a complaint on information and belief may be the basis of proceeding before a justice when supplemented by testimony on oath of witnesses cognizant of the facts, we think this complaint was sufficient to confer jurisdiction. Counsel for

plaintiff states that the complaint shows that no evidence was introduced except that of the complaining witness, which was hearsay. We do not so understand the record. The complaint is silent upon the subject, but the warrant recites that another witness was examined on oath. The statute (section 7093, 2 How. Stat.) reads:

"Upon complaint made to any justice of the peace, by any constable or other person, that any of the foregoing offenses have been committed within the county, he shall examine the complainant on oath, and witnesses produced by him, and shall reduce the complaint to writing, and cause the same to be subscribed by the complainant, and, if it shall appear that such offense has been committed, the said justice shall issue his warrant," etc.

It will be noticed that the statute does not require that the examination of witnesses be reduced to writing. In the case of *People* v. *Heffron*, 53 Mich. 530, relied upon by plaintiff, the court said: "The complaint must set up the facts constituting the offense on the knowledge of the person making the complaint, and, if he does not know them, other witnesses must be examined who do know them." This language very plainly implies that the complaint may be made by one who does not personally know the facts, and supplemented by an examination of witnesses who can speak to the facts of their own knowledge. If it had appeared that the only evidence before the justice at the time the warrant was issued was the statements contained in this complaint on information and belief, he would have been without jurisdiction; but, as the contrary appears, and that he examined witnesses on oath, other than the complaining witness, it will not be presumed that there was no positive evidence justifying the issuing of the warrant. *People* v. *Bennett*, 107 Mich. 256.

The justice having obtained jurisdiction of the subject-matter, the rule is well settled that no action can be sustained against him for the recovery of damages by one claiming to have been injuriously affected by his judicial

action.   It is indispensable to the administration of justice that a judge or other judicial officer, who acts within the scope of his jurisdiction, may act freely, without any fear of being held responsible in a civil action, or having his motives brought· in question by one injuriously affected by his judgments.   This immunity is uniformly held not to be affected by the motives with which it is alleged that the judicial officer has performed his duty.  If the officer be in fact corrupt, the public has its remedy, but the defeated suitor cannot be permitted to obtain redress against the judge by alleging that the judgment against him was the result of corrupt or malicious motives.  See *Bradley* v. *Fisher*, 13 Wall. 335; Mechem, Pub. Off. §§ 619–621.

It is also claimed that the sentence of the justice included compensation to the injured party.   The docket entry is not all returned in the record, and it is not quite clear whether the figures given in the docket indicate that the justice undertook to award compensation to the complaining witness, or whether they were the figures which he adopted for his own convenience, to make up the total of the fine imposed.   However this may be, it was an error of judgment at most, and does not entitle the plaintiff to recover.   We think the circuit judge was justified in directing a verdict for defendant.

Judgment affirmed.

The other Justices concurred.