# THE SUPREME COURT

### OF THE

## STATE OF NEVADA

### APRIL TERM, 1913

[No. 2011]

LOUIS D. GORDON, Petitioner, *v.* THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF NYE; MARK R. AVERILL, Judge, and W. A. INGALLS, Respondents.

1. False Imprisonment—Liability of Judicial Officer.

   Where a justice of the peace had jurisdiction, a party prejudiced by his decision or acts in committing him to jail has no recourse in a civil action for damages against the justice and his sureties, even though the latter acted with malice.

2. False Imprisonment — Liability — Justice of the Peace — Jurisdiction.

   Under Comp. Laws, 4780, providing that every one who shall wilfully and unlawfully injure any property belonging to another shall be punished, a complaint sufficiently avers ownership by another than accused, as against collateral attack in false imprisonment against a justice of the peace, where it charges the severance and removal of the property from the possession of the complaining witness; possession being *prima facie* evidence of ownership.

3. False Imprisonment—Commitment of Offenders.

   Where a justice of the peace fixed the bond of one charged with a misdemeanor at $1,000 cash, the erroneous requirement of cash bail did not deprive the justice of jurisdiction so as to render him liable for the improper order; it appearing that the accused made no offer of any sort of bail.

VOL. 36—1

4. PROHIBITION—PARTIES—COURTS—SHERIFF.

Where prohibition is sought to restrain enforcement of a judgment, a sheriff seeking to levy execution is a proper party; for, if the judgment be void for want of jurisdiction, then the sheriff, who draws all of his authority from the court, has no right to enforce the execution.

5. PROHIBITION—RIGHT TO.

When it is sought to prevent enforcement of void judgment upon which an execution is about to be levied, prohibition is the proper remedy, for an appeal from an order denying a motion to quash the summons and set aside the judgment does not afford sufficient relief; there being no provision for a stay pending the appeal.

ORIGINAL PROCEEDING in prohibition by Louis D. Gordon against the District Court of the Fifth Judicial District; Mark R. Averill, Judge, and W. A. Ingalls, Sheriff. **Writ issued.**

The facts sufficiently appear in the opinion.

*Key Pittman* and *F. K. Pittman*, for Petitioner:

The affidavit for publication of summons must state a cause of action. (*Victor M. Co.* v. *Justice Court*, 18 Nev. 21; Comp. Laws, 3125.)

The criminal complaint against Davidson stated a public offense and invested the justice with jurisdiction. (Comp. Laws, 2531, 4073, 4780; *State* v. *Rising*, 10 Nev. 104.)

The allegations in the complaint under consideration, that the allegations in the criminal complaint were false and that the justice knew they were false, does not change the civil liability of the justice of the peace. (*Pratt* v. *Gardner*, 2 Cush. 63, 48 Am. Dec. 652; *Tyler* v. *Alfred*, 38 Me. 530; *Wilson* v. *Mayor of N. Y.*, 43 Am. Dec. 719, note; *Stone* v. *Graves*, 40 Am. Dec. 131; *Kelly* v. *Dresser*, 11 Allen, 34; *Raymond* v. *Bowes*, 11 Cush. 317; *Wells* v. *Stevens*, 2 Gray, 119; *Sullivan* v. *Jones*, 2 Gray, 572.)

The allegation that the justice of the peace wrongfully and maliciously fixed excessive bail is without force. The justice had discretion to fix the amount of bail, and he is not liable for mistakes of judgment. (Comp. Laws, 4496; 5 Cyc. 91; *Bailey* v. *Williams*, 60 Am. Dec. 650; *Downing* v. *Herrick*, 47 Me. 462; *Gilbert* v. *Satterlee*, 88 N. Y. Supp. 871; *Marks* v. *Sullivan*, 33 Pac. 224; *State* v. *Martinez*, 11

La. Ann. 23; *Ex Parte Duncan,* 53 Cal. 410, 54 Cal. 75.)
Before a justice of the peace could be held liable for
denying a plaintiff bail, the complaint must affirmatively
show that such plaintiff presented to the judge a good
and sufficient bail in the amount fixed by the court,
properly justified as provided by law, and that then
said justice failed and refused to admit such plaintiff
to bail.

A justice of the peace is not civilly liable for his acts
while acting within his jurisdiction, even though he acts
maliciously and wilfully and such an allegation fails to
state a cause of action.    (*Yates* v. *Lansing,* 5 Johns. 282;
*Stone* v. *Graves,* 8 Mo. 148, 40 Am. Dec. 133; *Wilson* v.
*Mayor of N. Y.,* 43 Am. Dec. 719; *Cooke* v. *Bangs,* 31 Fed.
640; *Egan* v. *Wolever,* 26 N. E. 763; *Thompson* v. *Jackson,*
27 L. R. A. 95; *Scott* v. *Fishblate,* 30 L. R. A. 696; *Calhoun*
v. *Little,* 43 L. R. A. 632.)

There is not a misjoinder of parties respondent.
(*Havermeyer* v. *Court,* 18 Am. St. Rep. 232; 32 Cyc. 603;
*State* v. *Rombaur,* 16 S. W. 695.)

Prohibition is an appropriate remedy in this case.
(32 Cyc. 605; *State* v. *Wilson,* 10 L. R. A. 1132; *People* v.
*Flamberg,* 26 N. Y. Supp. 329; *State* v. *Houston,* 8 Am. St.
Rep. 532; *Golden* v. *Court,* 31 Nev. 266; 16 Ency. Pl. & Pr.
1113.)

*H. R. Cooke* and *C. H. McIntosh,* for Respondents:

The writ of execution having been issued to the sheriff,
and the order staying proceedings pending the hearing of
the motion to quash, and the latter motion having been
denied, the district court and the judge thereof are
improperly made respondents.    Prohibition cannot lie
as to acts and things already accomplished facts before
application.    (*Hall* v. *Court,* 63 Cal. 179; *Havermeyer* v.
*Court,* 24 Pac. 121; High, Ext. Rem. 766; 16 Ency. Pl. &
Pr. 1132; 32 Cyc. 603.)

The writ will not lie to a sheriff, as he is not a tribunal
in a person exercising judicial or *quasi*-judicial powers.
(High, Ext. Rem. 764-769; 32 Cyc. 600; 2 Bailey on
Jurisdiction, 449; *Cameron* v. *Kenfield,* 57 Cal. 550.)

Petitioner has a plain, speedy and adequate remedy at law, by appeal from the order denying motion to quash. (*Winter* v. *Winter*, 8 Nev. 129; *Ballard* v. *Purcell*, 1 Nev. 342; *Maynard* v. *Johnson*, 2 Nev. 16; *McDonald* v. *Agnew*, 55 Pac. 125; *Burge* v. *Court*, 104 Pac. 581.)

The sufficiency of service on petitioner was a question proper for the lower court to pass on. Error in such determination cannot be the foundation for prohibition. (*People* v. *House*, 4 Utah, 382; *Mines Co.* v. *Court*, 27 Pac. 532; *Beulieu* v. *Court*, 91 Pac. 1015; 32 Cyc. 605; 16 Ency. Pl. & Pr. 1113; High, Ext. Rem. 767; *Nev. Cent. R. Co.* v. *Court*, 21 Nev. 409; *Silver Peak* v. *Court*, 110 Pac. 503.)

The criminal complaint filed in the justice court against Davidson wholly fails to charge a crime. It does not charge even by inference that the article alleged to have been taken "was the property of another," as required by Comp. Laws, 4780.

When a justice accepts a complaint which he must officially know charges no crime and when he also knows that the allegations therein made are false, he must be liable. The fixing of bail at $1,000 is so grossly excessive as to show malice, and this is alleged to be unlawfully and maliciously demanded in cash.

NOTE—Counsel for respondents cite many authorities supporting their contention that a justice of the peace acting officially but in excess of his jurisdiction is liable, but, as the court determined that the justice acted within his jurisdiction, no extracts are taken from that portion of the brief.

By the Court, NORCROSS, J.:

This is an original proceeding in prohibition. The petitioner was a defendant in a case determined in the lower court, entitled *John F. Davidson, Plaintiff,* v. *George H. Keyes, John Tabor, W. M. Doyle, and Louis D. Gordon, Defendants.* The default of the defendant Louis D. Gordon, petitioner herein, for failing to appear and answer, was entered in the case, and subsequently judgment against him for $1,500 damages and costs was

entered.    Petitioner was a resident of the State of Utah, and an order for service of summons by publication upon petitioner was granted by the lower court.    Subsequently and in pursuance of such order personal service was obtained upon petitioner in Salt Lake City, State of Utah, in lieu of publication.    After judgment was entered against petitioner, execution was issued to the respondent W. A. Ingalls, sheriff of Esmeralda County, who was proceeding to sell certain corporate stock of petitioner which had been attached at the time suit was instituted. Subsequently the petitioner, Gordon, appeared specially in the action and moved for an order to set aside and vacate judgment and to annul the writ of execution thereon, upon the ground that at the time the judgment was entered the court below had not obtained jurisdiction over the defendant Gordon.    The motion was denied, and this proceeding was instituted to prohibit the lower court from further proceedings under the alleged void judgment upon the same grounds—want of jurisdiction— urged upon the trial court.    Want of jurisdiction in the trial court to enter an order of service of summons by publication is based upon the alleged fact that the complaint fails to state a cause of action.    (*Victor Mining Co.* v. *Justice Court,* 18 Nev. 22; *Coffin* v. *Bell,* 22 Nev. 169, 58 Am. St. Rep. 738.)

1.    The defendants above named were bondsmen upon the official bond of one P. J. Gallagher, justice of the peace in and for Gordon township, Nye County.    The complaint alleges the fact that judgment had been obtained by the plaintiff, Davidson, in a prior action against the said P. J. Gallagher and one W. T. Mattly for damages for unlawful imprisonment in the sum of $2,500, and that the said Gallagher and Mattly were impecunious and insolvent.    The complaint under consideration in this proceeding was to obtain judgment against the bondsmen of said Gallagher, justice of the peace, as aforesaid, for the same alleged unlawful imprisonment.    The official bond of said Gallagher was in the penal sum of $2,000 and upon which the petitioner, Gordon, became surety in the sum of $1,500.

The complaint alleged substantially that one W. T. Mattly wrongfully, maliciously, and without any reasonable or probable cause, appeared before the said P. J. Gallagher as justice of the peace and swore falsely to a pretended criminal complaint against the said John F. Davidson; that the said P. J. Gallagher, as such justice, with knowledge of the falsity of said alleged criminal charge, and at the malicious instigation, solicitation, and procurement of the said Mattly, did issue a warrant of arrest upon said complaint for said Davidson; that thereafter said Davidson was arrested and brought before the said justice, who then and there wrongfully, maliciously, and with intent unlawfully to deprive him of his liberty, did fix the amount of bail for said Davidson's appearance to said criminal complaint in a grossly excessive amount, to wit, the sum of $1,000, and did wrongfully and maliciously order that said Davidson furnish such bail in cash, well knowing that he would be unable to furnish the same in cash; that such justice of the peace committed the said Davidson to jail pending trial upon the complaint, and was by the constable lodged in the town jail and therein incarcerated for two days and two nights; that said jail was poorly constructed and defectively heated, and said Davidson suffered severely from cold, and contracted a severe cold, which caused him to become and remain sick and sore, and that owing to the loathsome condition of the beds in the jail and the extreme coldness he was unable to sleep, etc.; that two days after such commitment said criminal proceeding was wholly terminated and said Davidson discharged from custody.

It is the contention of counsel for petitioner that the complaint fails to state a cause of action, for the reason that Gallagher, the justice of the peace, was acting judicially, and when so acting the motives which prompted his acts cannot be a subject of inquiry in a civil action. It is contended that the criminal complaint upon which Davidson was arrested charged the commission of a misdemeanor; that the arrest thereupon was lawful and gave the justice jurisdiction of the person of defendant

and the subject-matter of the offense charged; that
such justice had jurisdiction to determine that defendant
should furnish bail as a condition of his release pending
the trial of the charge against him, and that the amount
of such bail was a matter in the discretion of the justice,
and whether the amount was excessive or not cannot be
questioned in a civil action for damages, and that, in any
event, there are no facts alleged in the complaint that
would justify the conclusion that the amount of bail
fixed was excessive; that a bare allegation that the judge
demanded cash bail will not be considered, for if plaintiff
failed to present personal bail properly justified the court
had no other alternative than to demand cash bail, and
upon failure of plaintiff to give it to incarcerate plaintiff.

In *Pratt* v. *Gardner*, 2 Cush. 63, 48 Am. Dec. 652, Shaw,
C. J., speaking for the Supreme Court of Massachusetts
in a case of first impression in that court, said: "It is a
principle lying at the foundation of all well-ordered juris-
prudence that every judge, whether of a higher or lower
court, exercising the jurisdiction vested in him by law,
and deciding upon the rights of others, should act upon
his own free, unbiased convictions, uninfluenced by any
apprehension of consequences.    *   *   *   He is not bound,
at the peril of an action for damages, or of a personal
controversy, to decide right in matter either of law or of
fact, but to decide according to his own convictions of
right, of which his recorded judgment is the best, and
must be taken to be conclusive, evidence.    *   *   *   If it
be said that it may be conceded that the action will not
lie, unless in a case where a judge has acted partially or
corruptly, the answer is that the losing party may always
aver that the judge acted partially or corruptly, and may
offer testimony of bystanders or others to prove it; and
these proofs are addressed to the court and jury, before
whom the judge is called to defend himself, and the
result is made to depend, not upon his own original con-
viction—the conclusion of his own mind in the decision
of the original case—as, by the theory of jurisprudence,
it ought to do, but upon the conclusions of other minds,

under the influence of other and different considerations. The general principle, which excepts judges from answering in a private action, as for a tort, for any judgment given in the due course of the administration of justice seems to be too well settled to require discussion; and, as was said by Mr. Chief Justice Kent in the case of *Yates v. Lansing*, 5 Johns. (N. Y.) 282, 'has a deep root in the common law.' * * * The only remaining question is whether the case set forth in the plaintiff's declaration was within the jurisdiction of the defendant as a justice of the peace. Leaving out the epithets 'maliciously,' 'wilfully,' 'falsely,' with which the declaration is so thickly sprinkled, and which cannot change or qualify the material facts, it is stated that the defendant, being a justice of the peace, issued a warrant against the plaintiff, on the complaint of one Burley, charging the plaintiff with a malicious trespass on his land. It is alleged that the complaint is false, feigned, and groundless, and that the defendant knew it; but this was the very question to be tried, and the defendant could not judicially know it till a trial. His private knowledge could not prevent the complainant from having it tried. It is further alleged that the defendant wilfully and maliciously tried and convicted the plaintiff, and sentenced him to pay a fine of $2 and costs. The plaintiff alleges that he was not guilty, and that the defendant knew he was not guilty. These are facts which the defendant is not bound to contest with the plaintiff."

In the case of *Cooke* v. *Bangs* (C. C.) 31 Fed. 640, cited by counsel for petitioner, Justice Brewer, considering the question of the liability of a justice of the peace for damages in a civil action for acts done in his official capacity, said: "Under what circumstances can a justice of the peace be held liable for a civil action for damages for an act done by him in his capacity as justice of the peace? Nothing is more important in any country than an independent judiciary, and nowhere is it so important, so absolutely essential, as under a popular government.

No man can be a good judge who does not feel perfectly free to follow the dictates of his own judgment, wheresoever they may lead him. And in a country where the people rule, and where popular clamor is apt to sway the multitude, nothing is more important than that the judges should be kept as independent as possible. And it is universal experience, and the single voice of the law books, that one thing essential to their independence is that they should not be exposed to a private action for damages for anything they may do as judges. * * * With respect to all judicial officers, justices of the peace as well as judges of higher courts, the settled law of the Supreme Court of the United States, and I think the plain intimation of the supreme court of this state [Minnesota], is that, where they act within their jurisdiction, they are not amenable to civil action for damages. No matter what their motives may be, they cannot be inquired into." ·

Other cases of the same general import cited by counsel for petitioner are *Stone* v. *Graves*, 8 Mo. 148, 40 Am. Dec. 133; *Wilson* v. *Mayor of New York*, 1 Denio (N. Y.) 595, 43 Am. Dec. 719; *State, ex rel. Egan*, v. *Wolever*, 127 Ind. 306, 26 N. E. 763; *Thompson* v. *Jackson*, 93 Iowa, 376, 61 N. W. 1004, 27 L. R. A. 95; *Scott* v. *Fishblate*, 117 N. C. 265, 23 S. E. 436, 30 L. R. A. 696; *Calhoun* v. *Little*, 106 Ga. 336, 32 S. E. 86, 43 L. R. A. 632, 71 Am. St. Rep. 254.

Cyc., in treating of the question of the civil liability of justices of the peace, says: "When a justice of the peace has jurisdiction, he is not personally liable for any error in its exercise, and this immunity from civil liability extends even to cases in which a justice upholds and enforces unconstitutional law. In England a justice of the peace is civilly liable for acts done maliciously and without probable cause, but in the United States the authorities are divided; it having been both asserted and denied that the justice may be liable, where it is shown that he has acted corruptly or maliciously. The general rule is that a justice of the peace who acts in a case of which he has

no jurisdiction, or who exceeds his jurisdiction, is liable in damages to any party injured. A distinction has, however, been drawn in some cases between excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter; and it has been held that, where jurisdiction of the subject-matter has been invested by law in the justice, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case, and he is not liable for error in determining the facts necessary to his jurisdiction. So, too, it has been held that if the want of jurisdiction over a particular case is caused by matters of fact it must be made to appear that they were known, or ought to have been known, to the justice, in order to hold him liable for acts done without jurisdiction." (24 Cyc. 421.)

We think the prevailing rule in the American courts is concisely stated in *Curnow* v. *Kessler*, 110 Mich. 10, 67 N. W. 982, as follows: "The justice having obtained jurisdiction of the subject-matter, the rule is well settled that no action can be sustained against him for the recovery of damages by one claiming to have been injuriously affected by his judicial action. It is indispensable to the administration of justice that a judge or other judicial officer, who acts within the scope of his jurisdiction, may act freely, without any fear of being held responsible in a civil action, or having his motives brought in question by one injuriously affected by his judgment. This immunity is uniformly held not to be affected by the motives with which it is alleged that the judicial officer has performed his duty. If the officer be in fact corrupt, the public has its remedy; but the defeated suitor cannot be permitted to obtain redress against the judge by alleging that the judgment against him was the result of corrupt or malicious motives. See *Bradley* v. *Fisher*, 13 Wall. 335, 20 L. Ed. 646; Mechem, Pub. Off. 619–621."

In the recent case of *Lacey* v. *Hendricks*, 164 Ala. 280, 51 South. 157, 137 Am. St. Rep. 45, Evans, J., speaking

for the court, said: "It is settled law in this jurisdiction that no action can be supported against a justice of the peace acting judicially, and who has not exceeded his jurisdiction, however erroneous his decision or malicious his motive."

2. The criminal complaint upon which Davidson was arrested in its charging portion reads as follows: "That said John F. Davidson did then and there unlawfully, maliciously, and wilfully sever and carry away a detonator from a 15-hp. F. & M. hoist, which is located on leasing block No. 1 of the Round Mountain Red Top Mining Company's Black Hawk claim, without the permission and consent of the aforesaid plaintiff, W. T. Mattly, who holds possession of said lease and hoist."

We think this complaint sufficiently charges a public offense to give the justice jurisdiction of the person arrested upon warrant based thereon, and the subject-matter of the charge. It is admitted that this charge was based on the provisions of section 4780 of the Compiled Laws (Cutting), which reads: "Every person who shall wilfully, unlawfully and maliciously destroy, burn, cut, or *otherwise injure* any goods, chattels or *other property of any description whatever*, belonging to another, shall upon conviction be punished by a fine of not more than $500 or by imprisonment in the county jail not more than six months, or by both such fine and imprisonment."

It is the contention of counsel for respondent that this complaint fails to charge an offense, for the reason that it fails to allege that the article charged to have been taken by Davidson "belonged to another." The complaint alleged possession in another of the hoist from which the defendant was charged with unlawfully, wilfully, and maliciously severing and carrying away a detonator. It is well settled that possession is *prima facie* evidence of ownership. (*State* v. *Rising*, 10 Nev. 104; *State* v. *Parker*, 16 Nev. 79.) Property in the lawful possession of another is property "belonging to another," within the meaning of the statute. Possession of property is presumed to be a lawful possession until the

contrary is shown. Upon direct attack the complaint in question might be required to be made more specific, a point we do not decide; but considering it as upon collateral attack, as in the present case, it cannot be said, we think, to be fatally defective as not charging the property removed as belonging to the complainant, in whose possession it was alleged to be at the time of the alleged unlawful removal.

3. The complaint having charged a public offense, upon the defendant being brought before the justice, the latter had jurisdiction to commit him until the time set for trial. It may be conceded that the justice was without power to refuse personal bail or to order that bail be furnished in cash. The making of such erroneous orders, however, did not divest the justice of power to commit, certainly not in the absence of an offer of a sufficient bail bond. It is not alleged in the complaint that the defendant could have furnished any sort of a bond, either by sureties or by deposit in lieu of bond. We need not determine the question whether the offer of a sufficient bond would, of itself, divest the justice of jurisdiction to commit; but it is clear, we think, that in the absence of such an offer the power to commit exists, however erroneous the order may be. We can conceive of nothing more reprehensible in a justice than to refuse to give one charged with a misdemeanor every opportunity to furnish a bail bond. Upon the other hand, before the sureties upon an official bond should be held liable in damages, the complainant should show that he has exhausted the remedies open to him, and that, notwithstanding he has done everything within his power under the circumstances, he has suffered injury.

In the case of State v. Davis, 14 Nev. 439, 33 Am. Rep. 563, the defendant, who was charged with the crime of escaping from jail, sought to introduce evidence to the effect that the jail "was absolutely intolerable and injurious to the health of the defendant." Considering error assigned in refusing to admit the offered evidence, this court said: "We consider it unnecessary to decide whether or not the proposed testimony would have been

admissible in justification had a proper foundation been laid therefor; that is to say, had appellant shown or offered to show that he exhausted the lawful means of relief in his power before attempting the course pursued. It was not shown or claimed that he had even complained to the sheriff or the board of county commissioners, or that he had endeavored to obtain relief by any lawful means. The plea of necessity in justification of acts which, without such necessity, constituted the crime charged was unavailable without also showing that lawful measures had first been adopted to accomplish the desired result. A person confined by the law should be delivered by the law; and no other means can be justified in any case until the officers in charge, and the law, refuse him relief; and then the evidence of the necessity must be clear and conclusive, and the act must proceed no further than the emergency absolutely requires. (Bishop on C. L., vol. 1, sec. 352.)"

If the evidence of the character of the jail is not admissible to show justification or mitigation of the charge of escaping from jail, in the absence of a showing that the defendant had exhausted the appropriate and lawful means for relief therefrom, is there not a greater reason for requiring a similar showing before damages in a civil action can be collected for injuries alleged to have occurred by reason of unlawful confinement in a jail that is not suitable for the purpose? We think there is.

The facts alleged in the complaint for damages may constitute malfeasance in office, and might have supported a proceeding for removal from office; but, as the justice acted within his jurisdiction in causing the arrest and commitment of the defendant, the justice and his bondsmen cannot be held liable in damages in a civil action for the acts complained of, under the well-established rule heretofore stated. This rule is for the protection of courts for the benefit of the public, and the fact that the application of the rule in individual instances may work a hardship, as possibly it does in this case, does not detract from the force of the rule. The rule, to

be of any benefit, must be inflexible to the extent that when it appears that a justice of the peace is acting within his jurisdiction he cannot be held liable in a civil action for damages for his acts committed within such jurisdiction. While the state may proceed against a justice and punish him for acts committed within his jurisdiction, which are shown to have been done maliciously, for reasons of public policy, the individual is required to seek relief by the various methods which the law affords him. A defendant charged with a misdemeanor may demand an immediate trial. If for any reason this is not granted, he may demand release on bail. If bail, in his judgment, is fixed too high, he may apply for reduction. If the justice refuses to reduce his bail, the remedy of *habeas corpus* is open to him. If he is confined in a jail that is not a suitable place for the confinement of persons charged with offenses against the law, he may apply to the lawful authorities to remedy the condition of the jail. In extreme cases the remedy by *habeas corpus* might relieve one held in such confinement. Doubtless there are individual cases such that these and other remedies cannot afford full relief, but it is practically impossible for laws to be devised that will afford full relief under every possible circumstance. An innocent person always suffers a great injury when he is prosecuted for a crime he did not commit, but society thus far has not been able to devise a suitable remedy for the injury done in such cases. The public welfare requires the prosecution of persons for offenses committed against society. In the administration of the penal laws, of necessity, it occasionally occurs that the innocent suffer injury. Such injury is usually done when the officers of the law are proceeding in strict accordance with the letter and spirit of the law, and with due regard for the rights of the accused. The wisdom of centuries has crystallized into law the rule that courts whose duty it is to administer the law shall not be obliged to proceed in the performance of their judicial acts with the knowledge that they are subject to civil actions for damages for wrongs, real or imaginary, which may be by any litigant deemed

to have been committed by the judge within the exercise of his jurisdiction. However unjust may have been the arrest and imprisonment of Davidson, such arrest and imprisonment, according to the allegations of the complaint, do not appear to have been occasioned by an order or orders in excess of the jurisdiction of the justice of the peace to make, and the complaint therefore fails to state a cause of action, and the district court did not acquire jurisdiction in the action over petitioner.

4. Counsel for respondents in this proceeding raised two preliminary objections to the issuance of a writ of prohibition in this case. It is contended that there is a misjoinder of parties respondent; that the sheriff was not a necessary or proper party to the proceedings with the court. We think a liberal rule should prevail in proceedings of this character, in so far as parties are concerned. The sheriff is an officer of the court, and derives his powers therefrom. If the judgment is void for want of jurisdiction to enter it, the writ which the sheriff is proceeding to execute, and which is based on the judgment, is likewise void. The objection that there is a misjoinder of parties is not well taken.

5. It is contended that the writ should not issue, because petitioner had a plain, speedy, and adequate remedy by appeal. Had a motion been made to quash the service of summons prior to the entry of judgment, doubtless an appeal would have been an adequate remedy; but where the writ is sought to prohibit the enforcement of a void judgment, upon which execution has issued and is about to be levied and property sold thereunder, an appeal from an order denying a motion to quash the summons and set aside the judgment does not seem to us to afford an adequate remedy, as there is no provision that we are aware of for a stay pending an appeal from such orders.

The writ will issue as prayed for.

NOTE—McCARRAN, J., having become a member of the court after the argument and submission of the case, did not participate in the foregoing opinion.