[No. 2027]

W. M. VEITH, PLAINTIFF AND RESPONDENT, v.
NEVADA REDUCTION COMPANY (A CORPO-
RATION), MANHATTAN WOLFTONE MINING
COMPANY (A CORPORATION), THE MUSTANG
EXTENSION MINING COMPANY (A CORPORA-
TION), MUSTANG MANHATTAN MINING COM-
PANY (A CORPORATION), AND J. V. PRIEST,
DEFENDANTS AND RESPONDENTS;

WILLIAM M. STOKES, TRUSTEE, DEFENDANT AND
APPELLANT;

NEVADA-CALIFORNIA POWER COMPANY (A COR-
PORATION), CODEFENDANT AND RESPONDENT;

TONOPAH LUMBER COMPANY (A CORPORATION),
W. T. SOMERVILLE, W. S. MORROW, THE
NEVADA ENGINEERING WORKS (A CORPORA-
TION, EDWIN LETTS OLIVER, H. J. MEISEL,
J. C. KENNEDY, G. H. WATKINS, GEORGE
RICH, AND L. STUART PECK, ADMINISTRATOR
OF THE ESTATE OF H. C. PECK, INTERVENERS
AND RESPONDENTS.

1. SUMMONS—AFFIDAVIT FOR PUBLICATION, SUFFICIENCY OF.
    An affidavit stating, "That said W. M. Stokes, Trustee, is
a necessary party defendant in this cause of action and that
a cause of action exists against him, the said W. M. Stokes,
Trustee, by the plaintiff, and the cause of action is that plain-
tiff is a lien claimant and assignee of other lien claimants
against the property of the Nevada Reduction Company, a
corporation, and that the defendant, W. M. Stokes, Trustee,
claims to have some right, title or interest in said property and
this suit is brought to have whatever interest, if any, the said
Stokes may have in and to the property of the Nevada Reduc-
tion Company to be declared subject to the claims of plaintiff,"
states facts sufficient to show that said Stokes is a necessary
or proper party to the action, and is sufficient to support an
order for publication under the provisions of Rev. Laws, sec.
5026.

2. SUMMONS, AFFIDAVIT FOR PUBLICATION OF—CONCLUSIONS OF LAW.
    An affidavit for publication of a summons does not require
the same detailed statement of a cause of action as is required
in a complaint. Statements well-nigh being conclusions of
law may, in some instances, suffice for the affidavit.

3. SUMMONS, AFFIDAVIT FOR PUBLICATION OF.
   The provisions of Rev. Laws, sec. 5026, are in the alternative
   and it is sufficient either that the affidavit for publication of
   summons shows the existence of a cause of action or shows that
   the defendant is a necessary or proper party.

APPEAL from the Fifth Judicial District Court, Nye County; *Mark R. Averill,* Judge.

Action by W. M. Veith against Nevada Reduction Company (a corporation) and others. From a judgment in favor of plaintiff and certain defendants as lien claimants, William M. Stokes, Trustee, appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

*P. E. Keeler,* for Appellant.

*Bartlett & Thatcher,* for Respondents.

By the Court, TALBOT, C. J.:

This is an appeal from a final judgment, and presents the sole question of alleged error in the denial of appellant's motion to quash and set aside the service of summons made upon the appellant out of the state under an order of publication based upon an affidavit, which in part is as follows:

"That said W. M. Stokes, Trustee, is a necessary party defendant in this cause of action and that a cause of action exists against him, the said W. M. Stokes, Trustee, by the plaintiff, and the cause of action is that plaintiff is a lien claimant and assignee of other lien claimants against the property of the Nevada Reduction Company, a corporation, and that the defendant, W. M. Stokes, Trustee, claims to have some right, title or interest in said property, and this suit is brought to have whatever interest, if any, the said Stokes may have in and to the property of the Nevada Reduction Company to be declared subject to the claims of plaintiff."

It is urged that this affidavit did not state sufficient facts to authorize the making of the order that service of summons be made by publication.

The code provides that when the person upon whom the service is to be made resides out of the state, "and that fact shall appear by affidavit, to the satisfaction of the court or judge thereof, and it shall appear, either by affidavit or by a verified complaint on. file, that a cause of action exists against the defendant in respect to whom the service is to be made or that he is a necessary or proper party to the action, such court or judge may grant an order that the service be made by the publication of summons." (Comp. Laws, 3125; Rev. Laws, 5026.)

It has been held that the facts must be stated in the affidavit and that there must be a strict compliance with the statute. (*Coffin* v. *Kinney,* 22 Nev. 169; *Victor Mill Co.* v. *Justice Court,* 18 Nev. 22; *Roy* v. *Whitford,* 9 Nev. 370; *Gordon* v. *District Court,* 36 Nev. 1.)

However, we do not think the language quoted demands the same detailed statement of the cause of action as required in a complaint under section 5038, which provides that the complaint shall contain a "statement of the facts constituting the cause of action in ordinary and concise language."

The line between the statement of ultimate facts and conclusions of law in an affidavit or pleading is often a narrow one. Conclusions of law are often held sufficient, as in actions on account and the common allegation of ownership in relation to real property.

As the allegations ordinarily required in a complaint, or even less, may be sufficient for the affidavit, statements well-nigh being conclusions of law may, in some instances, suffice for the affidavit.

A more meager allegation in a complaint will support a cause of action after judgment or if no objection is made before judgment than if attacked by demurrer. The former decisions of this court should not be construed as requiring more to be stated in the affidavit than is necessary for a cause of action in a complaint, and an allegation in the nature of a conclusion of law, which is generally deemed sufficient in a pleading, should be so in the affidavit.

As under the language of the statute the provision is in the alternative that it shall appear by the affidavit or a verified complaint "that a cause of action exists against the defendant in respect to whom the service is to be made or that he is a necessary or proper party to the action," there is not the same necessity for stating the facts constituting the cause of action when nothing is sought to be recovered specifically against the defendant as in this case and it is shown that he is incidentally a necessary or proper party in an action between others, as there would be if it were sought to recover directly from the defendant on whom constructive service is made instead of to have him included as a necessary or proper party because he has in the property some subsequent interest or claim which it is incumbent on him to assert. (*Robinson* v. *Kind,* 23 Nev. 330; 32 Cyc. 477.)

Where the complaint sets forth a cause of action relating to real estate, it is generally held sufficient to allege that the other defendants have an interest or claim therein which is subsequent to the mortgage, lien, or right of the plaintiff.

In *Farmers' and Millers' Bank* v. *Eldred,* 20 Wis. 199, the court said: "The affidavit for publication is sufficient. It states that the action is brought to foreclose a mortgage, and that the defendants (naming them) in respect to whom service is to be made 'are proper parties to said action; and have or claim a lien or interest in the aforesaid property by virtue of judgments which are subsequent to the mortgage act set forth in the complaint; that the relief demanded by the said complaint against them consists in wholly excluding them, the defendants, from any interest, or lien in the aforesaid property; that said defendant cannot, after due diligence, be found within this state.' This shows that the action is brought to foreclose a mortgage, and that the defendants in respect to whom service by publication was sought to be made were subsequent incumbrancers."

If the statement in the affidavit in the present case that W. M. Stokes, trustee, is a necessary party defendant in this cause of action, and that a cause of action exists

against him, be considered as conclusions of law, the other language in the affidavit and more particularly that quoted, indicating that the plaintiff is a lien claimant and assignee of other lien claimants against the property of the Nevada Reduction Company, and that the appellant claims to have some right, title or interest in that property, and that this suit is brought to have his interest, if any, in the property declared subject to the claims of the plaintiff, is deemed sufficient to support the order that the service of summons be made by publication.

In *Hamilton* v. *Barricklow*, 96 Ind. 401, an affidavit was held sufficient which stated "that the defendants Charles Hamilton and Elizabeth Hamilton were nonresidents of the State of Indiana; that a cause of action existed against them; that they were necessary parties to the action, and that the action was in relation to real estate."

In *Pratt* v. *Stone*, 25 Nev. 370, we held that an affidavit stating that a complaint had been filed to recover a sum of money, which cause of action was fully set forth therein, was sufficient to authorize the order for service of summons by publication, although the complaint was only the copy of an account for goods sold and delivered.

The appellant was served personally out of the state with a copy of the summons and unverified complaint, alleging the cause of action more in detail, and had an opportunity to defend upon the trial. It does not appear that he was prejudiced by the order, as he might have been if the service of summons had been made by publication and he had been without notice of the action until after the trial and entry of judgment.

We think the district court was correct in the conclusion that the facts stated in the affidavit for publication of summons were sufficient, and, as the only objection is in that regard, the judgment and the order refusing to quash service are affirmed.