## The People v. John Minnock.

*Complaint for unlawful liquor-selling—Certainty in allegations.*

A complaint which merely charges that on a particular day the defend-
ant sold liquor without having given a bond, will not support a con-
viction under How. St. § 2270 if it does not allege a sale to any
person or persons or identify some act or acts as illegal.   ·

· Error to Oakland.   (Stickney J.)   Jan. 30.—Feb. 8.

Complaint for selling liquor without giving bond.  Re-
spondent brings error.  Reversed, and prisoner discharged.

*Aug. C. Baldwin* for respondent appellant.  A com-
plaint for unlawful sale of liquor must identify the pur-
chaser; but see *Enders v. People* 20 Mich. 240; *People v.
Adams* 17 Wend. 475; *State v. Bielby* 21 Wis. 205; *State
v. Gummer* 22 Wis. 441; *Cannady v. People* 17 Ill. 158;
*Green v. People* 21 Ill. 125; *State v. Jackson* 4 Blackf. 49;
*Com. v. Blood* 4 Gray 31; 2 East. P. C. 651-681; *Rex v.*

*Walker* 3 Camp. 263; *State v. Angel* 7 Ired. 27; *State v. Stucky* 2 Blackf. 289; *Blodget v. State* 3 Ind. 403; *State v. Burgess* 4 Ind. 606; *Com. v. Dean* 21 Pick. 334; *Com. v. Thurlow* 24 Pick. 374; *Com. v. Wallace* 14 Gray 382; *State v. Steedman* 8 Rich. (S. C.) 312; *State v. Carter* 7 Humph. 158; *Alexander v. State* 29 Tex. 495; *State v. Allen* 32 Ia. 491; *Wreidt v. State* 48 Ind. 579; *Wilson v. Com.* 14 Bush 160; *State v. Schmail* 25 Minn. 368; Bish. Stat. Crimes § 1037; *McLaughlin v. State* 45 Ind. 338; *State v. Doyle* 11 R. I. 574.

Attorney General *Jacob J. Van Riper* for the People.

CAMPBELL, J. The record in this case shows that defendant was prosecuted under a complaint which merely charged that on a day named he did "sell, furnish to, give and deliver spirituous liquors, malt liquors, brewed liquors, fermented liquors and vinous liquors" without having given bond as required by the Laws of 1881, p. 350.[1] The complaint alleged no sale or other delivery to any person or persons, and did not identify any act or acts as illegal. This defect is alleged as ground for setting aside the conviction. There is nothing in the record except the complaint to identify the charge.

We think the objection is well taken. The elementary principles of criminal law require every charge to be made with proper averments of time, place and person or circumstance. The respondent cannot without such averments know what he is to meet. The section under which the charge is made does not attempt to punish as a single offense the setting up of a contraband business as a business, and the punishment for such extensive action would hardly

---

[1] § 2270. SECTION 1. The People of the State of Michigan enact, That it shall not be lawful for any person except druggists to sell, furnish to, or give any spirituous, malt, brewed, fermented, or vinous liquors, or any beverage, liquor or liquids, containing any spirituous, malt, brewed, fermented, or vinous liquors, without first having executed and delivered to the county treasurer of the county in which such business is proposed to be prosecuted or carried on, the bond required by section nine of this Act. [Howell's Statutes.]

be confined to the small penalties of section 6 [How. St. §
2275], which are undoubtedly designed to reach single
offenses. The complaint does not allege the establishment
of such a business as a business. It is merely an imperfect
charge of what was intended to include some single trans-
gression. As such it is invalid for the uncertainty.

The judgment must be reversed and the prisoner dis-
charged without day.

The other Justices concurred.