## The People v. Edward O'Brien, Jr.

*Criminal law—Complaint under How. Stat. § 9174—Intent of entry, suffi-*
*ciently charged in words of statute—Whether land trespassed on and*
*kind of grain destroyed must be described in complaint?—Lack of*
*such description waived, if not seasonably objected to—"The*
*highway" not considered as "improved land" within the*
*meaning of section 9174—Hearsay testimony—Evi-*
*dence of whole transaction proper to show intent*
*—Jury may convict on uncorroborated*
*testimony of an accomplice.*

1. It is sufficient in a complaint under How. Stat. § 9174, to charge the *intent* of the entry in the words of the statute, without averring such intent to have been malicious.

2. Whether in such complaint it is necessary to particularly describe the land trespassed upon and the kind of grain intended to be destroyed, *Query?*

    If the respondent had seasonably objected to such omissions in the complaint the court would have been inclined to sustain such objection, but as he failed so to do in the justice's court and on the trial in the circuit, he must be deemed to have waived the specific information which such averments would have furnished him.

3. "*The highway,*" in the common use and acceptation of the term, cannot be considered as the "*improved land*" of the adjoining landed proprietor, and the words as used in How. Stat. § 9174 do not apply to land within the limits of a highway.

4. On the trial of a respondent for an alleged violation of How. Stat. § 9174, the only testimony connecting him with the trespass was that of an admitted accomplice, who testified "that he staid at respondent's house on the night the trespass was charged to have been committed," and his wife was permitted to corroborate him by testifying "that her husband told her that he staid there." This fact was denied by respondent and his witnesses.

    *Held,* that the wife's testimony was pure hearsay, and under the circumstances of the case, most prejudicial to respondent, and its admission was error.

5 The accomplice further testified, under objection, that in going home from the commission of the trespass he and respondent pulled up a peach tree on the premises trespassed upon, and tore some boards from off the packing house of the owner of the land, the prosecution claiming to thus show the intent of the original trespass.

*Held,* that the testimony was properly admitted. That it related to the one transaction, and the action and whereabouts of respondent during the whole trip were relevant and material to the issue. *People v. Gibson,* 58 Mich. 368.

6. The doctrine is well settled in Michigan that a jury *may* convict a respondent upon the uncorroborated evidence of a professed accomplice, the sufficiency of such testimony being for them to determine. *People v. Jenness,* 5 Mich. 330.

Exceptions before judgment from Allegan. (Arnold, J.) Argued January 27, 1886. Decided February 10, 1886.

Malicious trespass. Respondent was convicted. Reversed.

*Henry F. Severens,* for respondent:

The statute contemplates that the trespass complained of should be malicious: 1 Bishop Crim. Law, §§ 568, 569, 570; 2 Ib. §§ 983-84-85, 6th ed.; *Dawson v. State,* 52 Ind. 478; *Duncan v. State,* 49 Miss. 331; *Hobson v. State,* 44 Ala. 380; *State v. Newby,* 64 N. C. 23; *Thompson v. State,* 51 Miss. 353, and the legal written accusation against one charged with the offense must be wider than the letter of the statute in order to cover its real intention: *Enders v. People,* 20 Mich. 233; *Merwin v. People,* 26 Mich. 298; *People v. Olmstead,* 30 Mich. 431; *People v. Minnock,* 52 Mich. 628; 2 Hawkins P. C. Ch. 25, § 111; Heard on Crime, pl. 161-62; *Com. v. Harris,* 13 Allen, 539; *Turner's Case,* 9 Q. B. 80, per Williams, J.; *Regina v. Harris,* 1 Den. Cr. C. 466; *Regina v. Rowlands,* 2 Den. C. C. 377, per Lord Campbell, C. J.; *Com. v. Bean,* 11 Cush. 415; Ib. 14 Gray, 53; *Com. v. McCarron,* 2 Allen, 157; *State v. Drake,* 1 Vroom, 422; *Com. v. Barrett,* 108 Mass. 303; *U. S. v. Cruikshank,* 92 U. S. 562.

The statutory offense consists of a trespass upon the *improved* land of another with a malicious intent to injure the crops thereon, and there should be some description, in the complaint, of the real estate on which it is alleged the trespass was committed. If the action was a private one for damages, the plaintiff could be compelled to particularly describe the close: *McFarlane v. Ray,* 14 Mich. 465, and he must prove a trespass on such land; and in a case like this the respondent may make any defense as to title admissible in the civil action of trespass: *State v. Clark,* 29 N. J. L. 96. As to the purposes of criminal pleadings, see *Mer-*

*win v. People*, 26 Mich. 300; *U. S. v. Cruikshank*, 92 U. S. 542. "The highway" is not in common acceptation "the garden, orchard or other improved land of another," and it is the common interpretation of such words rather than the technical one, which should be applied : Dwarris on Stat. 573, 2 ed. ; Bish. on Stat. Crimes, § 101, 1 ed. Testimony tending to show the commission of other depredations on the night of the trespass, on land of complainant, was improperly admitted. The naked question presented is "whether evidence that the respondent subsequently committed another distinct offense by pulling up the peach trees, or tearing boards from off the packing house, ought to have been received to show that the entry with intent to cut the grain was inspired by malice toward the owner ?" Such evidence not only confuses the respondent in making his defense, by mixing a variety of issues, but compels him to meet charges of which the indictment gives him no information, the attention of the jury is diverted from the main issue before it, and they are deeply prejudiced by the extraneous matter which does not legally bear upon the case. The true principle of the rule excludes all such evidence of distinct offenses committed after the principal one; and when, to use the language of the court in *People v Marble*, 38 Mich. 124, "the successive offenses are in stages, and capable of being separated into distinct performances. Proximity in point of time is not the test, but the complication of the one in the other must, on principle, be the reason for drawing one in at the trial of the other :" *Lightfoot v. People*, 16 Mich. 507, and authorities cited at page 511; *Shaffner v. Com.* 72 Penn. St. 60. The testimony of Mrs. Miller as to what her husband told her was hearsay, and inadmissible. As to danger of permitting convictions on the uncorroborated testimony of an accomplice, counsel cited : *Com. v. Holmes*, 127 Mass. 424 ; Wharton Crim. Ev. [1880], § 441, and contended for the application, in this case, of "the recognized doctrine in civil actions, that whenever the evidence adduced in support of a proposition is of so loose and unsatisfactory a character as that the judge would regard a verdict found upon it as so weakly supported that he would, in justice to the party, be required to grant a new trial, it is his duty to direct the jury, in the first instance, not to depend upon it in finding a verdict :" *Pleasants v. Fant*, 22 Wall. 116, and cases cited at page 121 ; *Randall v. B. & O. R. R. Co.* 109 U. S. 478.

*Moses Taggart*, Attorney General, for the people:

Failure to object, in justice's court, to alleged insufficiency of complaint was a waiver: *People v. Allen*, 51 Mich. 176; *People v. Telford*, 56 Mich. 541. In making the complaint it was sufficient to follow the language of the statute: Tiff. Crim. Law, 40, 41. Evidence of other depredations upon and injury to complainant's land and property was admissible, as tending to establish the intent of respondent in making the entry: Greenleaf on Ev. § 53; Wharton Am. Crim. Law, § 828; Bishop Crim. Pro. § 493, and the acts of pulling up the peach tree and tearing boards from off the packing house were not necessarily a separate and distinct offense. The evidence was admissible upon the question of intent, and as tending to prove the commission of the offense in question: *People v. Doyle*, 21 Mich. 221; *People v. Marble*, 38 Mich. 117; *People v. Mead*, 50 Mich. 228; *Haskins v. People*, 16 N. Y. 344; *Coleman v. People*, 58 N. Y. 555.

MORSE, J. The respondent was convicted upon a complaint and warrant, before a justice of the peace, charging him with having, "with force and arms, unlawfully, willfully, and secretly, in the night-time, between sunsetting and sunrising, entered upon the improved farming land of Levi Loomis and Charles H. Loomis," situate in the township of Ganges, in the county of Allegan, "and then and there, without the permission of the said Levi Loomis and Charles H. Loomis, or either of them, the owners of said land, and with intent then and there to cut and destroy the grain of said Levi Loomis and Charles H. Loomis then and there growing and being."

The case was appealed to the circuit, and a trial there had, also resulting in his conviction, from which judgment he brings error.

Upon the first introduction of evidence by the prosecution the defendant's counsel objected to the same, upon the ground that the complaint and warrant did not charge an offense under the statute, and that the alleged trespass was not averred to be upon the land of another, nor was the allegation of ownership of the premises sufficient to warrant proof thereunder. To an inquiry of the court whether the point was that

the complaint did not in express language allege that it was the land of another, the counsel for defendant replied that it was. Thereupon the objection was overruled, and the evidence admitted, to which defendant's counsel excepted. The counsel for the defense did not point out upon the trial in what particulars the complaint and warrant were defective; but assigns in this Court as error that they failed to show that the alleged trespass was with any malicious intent, and that the land upon which the trespass was alleged to be committed was not described sufficiently, and also that they did not show the kind of grain intended to be injured by the defendant.

The complaint was evidently based upon section 9174 of How. Stat., which provides that "every person who shall willfully commit any trespass by entering upon the garden, orchard, or other *improved land* of another without the permission of the owner thereof, and with intent to cut, take, carry away, destroy, or injure the trees, *grain*, grass, hay, fruit, or vegetables there growing or being, shall be punished," etc.

Comparing the complaint with the statute, it would seem that all the essential allegations necessary to set out the statutory offense are contained in the complaint. The fact of willfully entering upon improved land of another, without permission of the owner, with intent to cut and destroy grain growing thereon, is clearly set forth, and this is enough to bring the case within the statute. The intent is charged in the language of the statute, which is sufficient without averring that the intent was malicious.

The inquiry arises whether it was necessary to particularly describe the premises trespassed upon, and to state the kind of grain intended to be destroyed. If this matter had been properly brought to the attention of the court during the trial, we should be inclined to hold that the respondent would be entitled to have a specific description of the premises, and of the kind of grain, set forth in the complaint and warrant; but it appears from the record that neither in the justice's court, nor on the trial in the circuit, was any point made as

to the description of the land or the grain. It is too late now to complain. The respondent must be deemed to have waived the specific information to which he might have been entitled had he demanded it.

There was evidence that the grain destroyed was growing wheat. The evidence was conflicting; there being some testimony tending to show that all the wheat destroyed was within the limits of a highway adjoining the premises of the Loomises, and some tending to show a portion of the same in the highway, and a portion upon the Loomis premises, within the field line. The defendant's counsel requested the court to instruct the jury that if they found the entry and damage were within the limits of the highway, and not on the field side of the line, they could not convict the respondent. The court refused to so charge, and this is assigned as error. It is insisted that although the fee of the highway was in Loomis, and the public have only its use for the purposes of travel, yet it does not come under this statute against willful trespass. The places named in the statute where the offense can be committed are the "garden, orchard, or other improved land of another." The highway, in its common use, and in the common acceptation of the term, cannot be considered as the "improved land" of the adjoining landed proprietor. It was evidently not the intention of the Legislature to include public roads in this statute, as the growing of crops in the highway is not common. At least, the statute, in the common interpretation of the words "improved land," which interpretation must govern, must be construed as not applying to land within the limits of the highway.

We think it was also error to allow the wife of the witness Miller to state where her husband said he staid on the night of the commission of the alleged offense. It was pure hearsay, and, under the circumstances of the case, most prejudicial to the respondent. The only testimony against the respondent, connecting him in any manner with the offense charged, was that of said Miller, who gave evidence showing that he was an accomplice in the act. The only corroboration

of his testimony was the fact of the grain being destroyed upon that night by some one. He claimed that he staid all night at O'Brien's; and his wife, against objection, was permitted to testify that he told her that he staid there. As this was denied by the respondent himself, and other witnesses in his behalf, the necessary result of permitting this testimony to go to the jury was a corroboration of this accomplice by his own statement, out of court, to his wife.

Miller was also allowed to give in evidence that, in going home from the destruction of the grain, they went upon another part of the Loomis premises, and pulled up a peach tree, and also tore some boards from off the packing-house belonging to Loomis. This was objected to as a matter not charged in the complaint, and that it tended to prove a distinct offense, and therefore was irrelevant and incompetent. Upon the claim of the prosecution, that the proof was offered simply to show the intent of the trespass upon the wheat, it was admitted, as we think, properly. It was all one transaction, and the action and whereabouts of the accused during the whole trip were relevant and material to the issue. *People v. Gibson*, 58 Mich. 368.

It is also alleged as error that the court instructed the jury that they might convict the respondent upon the uncorroborated evidence of the professed accomplice, Miller; and instructing the jury that the sufficiency of his testimony was a question for them to determine. The instruction of the court was correct, and in accordance with former rulings of this Court: *People v. Jenness*, 5 Mich. 330.

The judgment of the court below, by reason of the errors noted, is reversed, and a new trial granted.

The other Justices concurred.