THE PEOPLE v. CHARLES E. KEEFER.

*Criminal law—Pleading—Duplicity—Liquor traffic—Local option law—Qualification of jurors.*

1. Where an information charges two distinct offenses in separate counts, the people should be required to elect upon which count they will proceed to trial.

2. The question of the sufficiency of the proof offered, in a prosecution for a violation of the local option law, to establish the existence of the law, is for the court.

3. An information which charges the respondent in the same count with a sale of liquor to a specified person, and with keeping a saloon where intoxicating liquors are sold and furnished as

a beverage, in violation of the provisions of the local option law, is bad for duplicity.[1]

4. Where an offense consists of the act of selling or furnishing or giving liquors, it is essential that the person to whom the liquor is alleged to have been sold, furnished, or given be named or identified in the information; and proof of sales to "divers other persons" is not admissible, except in support of a charge of keeping a saloon where liquors are sold or stored for sale.

5. A juror is not disqualified from sitting on the trial of a respondent for an alleged violation of the local option law because he states on his *voir dire* examination that he voted for the law, or that he is in favor of the law and of its enforcement, or that he is opposed to the saloon business, or that he believes in prohibition, or that he has conscientious scruples against the saloon business, or that he understands that the local option law is in force in the county where the case is being tried, or that he knows that a local option election was held in the county, and that its result was to suspend the general laws of the State respecting the sale of liquors in said county.[2]

6. It is error to refuse to permit a juror, who is called to sit on the trial of a respondent for an alleged violation of the local option law, to be asked on his *voir dire* examination which way he would give a verdict if the evidence, as between the people and the respondent, should be equally balanced.

Exceptions before judgment from Hillsdale. (Lane, J.) Argued June 22, 1893. Decided July 26, 1893.

Respondent was convicted of a violation of the local option law. Conviction reversed, and a new trial ordered. The facts are stated in the opinion.

*Guy M. Chester* (*Champion & Champion,* of counsel), for respondent.

*A. A. Ellis,* Attorney General, and *Spencer D. Bishopp,* Prosecuting Attorney, for the people.

---

[1] See *People v. Jackman,* 96 Mich. 269.
[2] See *People v. Wheeler,* 96 Mich. 1, where a similar question, arising in a prosecution under the *general* liquor law, is decided.

McGRATH, J. Respondent was convicted under the local option law. The jury brought in a general verdict. The information contains seven counts. The first count alleges that respondent—

. " Did then and there run a saloon and bar, and at said saloon and bar did then and there sell and furnish to Frank S. Fellhauer and divers other persons spirituous and intoxicating liquors, * * * and did then and there knowingly keep a saloon, where * * * intoxicating liquors * * * were sold and furnished as a beverage."

The second, third, and fifth counts allege that respondent "did then and there sell and furnish to Frank S. Fellhauer' a certain quantity of other intoxicating liquors, etc. The fourth count alleges that he "did then and there keep a saloon and bar, and did then and there sell and furnish to Frank S. Fellhauer and divers other persons," etc. The sixth count alleges that he "did then and there sell and furnish to Frank S. Fellhauer and divers other persons" intoxicating liquors. The seventh count alleges that he did then and there keep a saloon, where liquors were stored for sale and sold and furnished.

We think the first count of the information bad for duplicity. While it is true that, as a general rule, where several cognate acts are forbidden in one section of a statute disjunctively, the indictment may ordinarily charge them conjunctively in one count, if the reference is to one transaction, for which a single penalty is incurred, it is also true that where each forbidden act may be set up as a distinct offense, but several are united, the count is good in such case as for one combined act. *State v. Schweiter,* 27 Kan. 499. In the present case the language of the statute is not followed. The sale to the party named is set up in the language of a specific offense, and then follows the allegation of another and distinct offense. While forbidden acts may be conjunctively charged in substan-

tially the language of the statute, and the count be unobjectionable, such acts may be so set out as to charge several offenses.

The court erred in refusing to order the people to elect upon which count or counts of the information they would proceed. The information specifies two distinct offenses. The forbidden acts are severed by the several counts. Certain counts charge the keeping of a saloon where liquors are stored for sale, sold, and furnished, and others charge a sale to the person named. *Tiedke v. City of Saginaw,* 43 Mich. 64.

The second, third, fifth, and seventh counts are good. When the offense consists of the act of selling, furnishing, or giving, etc., it is essential that the person to whom sold or given be named or identified. *People v. Minnock,* 52 Mich. 628; *People v. Heffron,* 53 Id. 527. Proof of a sale to "divers other persons" would not be admissible except to support a charge that respondent kept a saloon, where such liquors were sold, stored for sale, etc. *Boldt v. State,* 72 Wis. 7 (38 N. W. Rep. 177).

A number of questions arose during the selection of the jury, which may be properly noticed. Upon the trial of a person charged with an offense against the local option law, a juror is not disqualified who, upon his examination, states that he voted for the local option law, or that he is in favor of the law and its enforcement, or that he is opposed to the saloon business, or believes in prohibition, or that he has conscientious scruples against the saloon business. It would be a strange rule that would disqualify a juror because he is in favor of an existing law, believes in its enforcement, and is opposed to a business which, if carried on at all, is carried on in direct violation of a positive statutory prohibition. The question to be tried was not the policy of the law, but whether or not the

party charged had been guilty of its violation. Nor is a juror disqualified who states that he understands the local option law to be in force, or that he knows that a local option election was held, and, knows the result of the election was to supersede and suspend the general laws of the State respecting the sale of intoxicating liquors. Although the existence of the law is a fact to be proven, the question of the sufficiency of that proof is a matter for the court, and not for the jury.

The juror Wescott should have been excluded. Upon his examination he said:

"I know respondent. I suppose that he is running a saloon in the basement of that hotel. I understand from what I have heard about it that he runs a saloon in that hotel, and has been running it ever since the 1st of May. From what I have heard, I suppose he sells intoxicating liquors there." *Owens v. State,* 32 Neb. 167.

The following question was put to several of the jurors, and excluded:

"If the evidence in this case, as between the people and the defendant, was equally balanced, which way would you give a verdict on the charge of engaging in the saloon business,—for the people or for the defendant?"

It was error to exclude the question. *Monaghan v. Insurance Co.,* 53 Mich. 246; *Township of Otsego Lake v. Kirsten,* 72 Id. 1; *Theisen v. Johns,* Id. 285. The court, in sustaining the objection, said:

"The question may go to this juror as to what he would do if the evidence were equally balanced, and he should understand the law to be that his verdict should be for the defendant."

The court in a civil case would instruct the jury that the burden of proof was upon the plaintiff; that they must be satisfied by a preponderance of evidence in plaintiff's favor; otherwise, the verdict must be for the defendant. Defendant's counsel were endeavoring to ascertain whether

or not the juror had any bias at the outset. The court could do no more than instruct that he must give the respondent the benefit of any reasonable doubt, but the juror would determine the reasonableness of the doubt for himself, and, if biased, that bias would affect that determination.

The objection that the information did not sufficiently allege the various steps in the adoption of the local option law is without force. *People v. Adams*, 95 Mich. 541.

For the errors mentioned, the conviction is reversed, and a new trial ordered.

HOOKER, C. J., and LONG, J., concurred with MCGRATH, J.

GRANT, J. I concur in the result, upon the ground that certain jurors were disqualified; but I do not think that the first count is bad for duplicity. *Com. v. Wilcox*, 1 Cush. 503; *State v. Teahan*, 50 Conn. 92; Black, Intox. Liq. § 441.

MONTGOMERY, J., concurred with GRANT, J.