## BROWN v. HADWIN.

1. FALSE IMPRISONMENT — PROCESS—CRIMINAL LAW—WARRANT—INTOXICATING LIQUORS.

Although a warrant for selling intoxicating liquor in a county which has prohibited the traffic should be based on a complaint that states the name of the person or persons to whom the unlawful sales were made, and though such complaint is insufficient, upon direct attack, if the name of the purchaser is not stated, the process may be sufficient to protect an officer who arrests the offender, in an action of false imprisonment and malicious prosecution.[1]

2. SAME—SHERIFF—INTOXICATING LIQUORS—ARREST.

To protect an officer in making an arrest, the process must be fair upon its face; that is, it must apparently be lawfully issued and such that the officer might properly serve it; not necessarily that it appear to be perfectly regular and in most approved form. It must appear that the process proceeds from a court which had authority in law to issue process of that nature, that it is legal in form, and on its face contains nothing to apprise the officer that it was issued without authority.

[1] For the liability of an officer making arrest, see notes in 51 L. R. A. 193, and 42 L. R. A. (N. S.) 69.

3. SAME.

Where the complaint charged an offense which the justice could not try, the examination being held before him and the names of the persons to whom liquor was unlawfully furnished being liable to be disclosed so that the omission could be corrected in the information, the process was not absolutely void, and sufficiently protected the officer who arrested plaintiff.

4. SAME—JUSTICES OF THE PEACE—JUSTIFICATION.

Failure to sustain a complaint made on the information of the complaining witness, a sheriff, by introducing before the justice who entertained it the testimony of other witnesses who had knowledge of the facts, is fatal to the jurisdiction of the justice.

5. SAME—WARRANT.

A warrant reciting that witnesses had been examined before the justice of the peace who issued it, on its face justified the issuance of a warrant, and conferred jurisdiction even if the testimony of corroborating witnesses was not reduced to writing: the officer is not required to look behind his process or to examine the complaint or other preliminary process.

6. SAME—ISSUES.

The trial court did not err in refusing to submit to the jury the issue whether the sheriff had in his possession the warrant for defendant's arrest at the time he took the latter into custody, where the prosecuting attorney and sheriff both testified that the process was in the sheriff's hands and defendant could not swear positively to the contrary.

Error to Iosco; Connine, J. Submitted April 28, 1914. (Docket No. 155.) Decided October 2, 1914.

Case by Crosby Brown against George H. Hadwin for false imprisonment. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*Edwin Rawden* and *C. H. W. Snyder,* for appellant.

*Albert W. Black,* for appellee.

KUHN, J. This action was originally begun for

malicious prosecution and false imprisonment. The count for malicious prosecution was withdrawn by the plaintiff at the opening of the trial of the case, which left the action one for false imprisonment alone. The plaintiff, who resides in Saginaw, was arrested at Tawas City, to which place he had been brought by a subpœna commanding him to appear before William B. Kelly, one of the justices of the peace in and for Iosco county, to testify in a criminal case. The complaint and warrant, drawn by the prosecuting attorney, charge him with a violation of the local option law. He was committed to jail, and was discharged on the day set for his examination, on request of the prosecuting attorney, without any examination being held. The complaint, which was made by the defendant herein, and the warrant show that the complaint is made on information and belief, and no one with any knowledge of the facts was sworn in support thereof before the warrant was issued. At the close of the proofs a verdict was directed for the defendant by the trial court. There are five assignments of error, which relate to two questions:

*First,* those relating to the court's ruling that the warrant and commitment issued protected the officer; *second,* that the court erred in not submitting to the jury the question of fact as to whether or not the sheriff had a warrant when the arrest was made.

It is the contention of the plaintiff and appellant that the warrant was absolutely void on its face, and therefore no protection to the defendant when he served it on the plaintiff, and did not protect him in making the arrest and keeping him in custody, because the commitment follows the warrant and contains the same claimed defects as the warrant. In this connection the first proposition urged is that the offense was not properly stated in the complaint, warrant, and commitment. The complaint charges the

plaintiff with having at a certain time and place sold, furnished, given away, and delivered a certain quantity of malt, brewed, fermented, and intoxicating liquor, to wit, whisky, and otherwise charges a violation of the local-option law, which it is conceded was in effect at the time in Iosco county. It does not, however, state the name of the person or persons to whom it is charged the plaintiff sold, furnished, and delivered the liquor, and the failure to allege this, it is claimed, makes the complaint and subsequent proceedings void; and the cases of *People* v. *Minnock,* 52 Mich. 628 (18 N. W. 390), *People* v. *Heffron,* 53 Mich. 527 (19 N. W. 170), and *People* v. *Keefer,* 97 Mich. 15 (56 N. W. 105), are relied upon. The general rule as to what constitutes a sufficient warrant so as to protect the officer who serves it is stated in 2 Cooley on Torts (3d Ed.), p. 883, as follows:

"The process that shall protect an officer must, to use the customary legal expression, *be fair on its face.* By this is not meant that it shall appear to be perfectly regular, and in all respects in accord with proper practice, and after the most approved form; but what is intended is that it shall apparently be process lawfully issued and such as the officer might lawfully serve. More precisely, that process may be said to be fair on its face which proceeds from a court, magistrate, or body having authority of law to issue process of that nature and which is legal in form, and on its face contains nothing to notify or fairly apprise the officer that it is issued without authority. When such appears to be the process, the officer is protected in making service, and he is not concerned with any illegalities that may exist back of it."

In the cases cited the attack on the proceedings was a direct one, and not made in a collateral proceeding, and it is true that in such a direct attack a warrant might be held invalid and still be sufficient protection to the officer and parties for any arrest made thereunder. *Wheaton* v. *Beecher,* 49 Mich. 348 (13

N. W. 769). To protect the officer it must appear, as stated in Cooley on Torts, *supra*, that the process proceeds from a court having authority of law to issue process of that nature, that it is legal in form, and on its face contains nothing to notify or fairly apprise the officer that it is issued without authority. In the instant case a proper rule of pleading had been violated, as the complaint and warrant were not specific enough to give the respondent proper notice, and on motion to quash in a direct attack the complaint would necessarily have been held insufficient as a pleading. The proceeding was not one triable by the justice, and the respondent was entitled to an examination. In this examination the proofs would have disclosed the name of the party to whom it was claimed the liquor was furnished or sold. The respondent could not plead guilty until an information had been filed against him in the circuit court, and in such information the name of the person to whom the liquor was sold might have been stated, as the information is based on the preliminary proceedings, and the technical defect in the complaint thus remedied. *People* v. *Pichette,* 111 Mich. 461 (69 N. W. 739) ; *People* v. *Stockwell,* 135 Mich. 341 (97 N. W. 765).

There is no question that the process in the instant case issued from a court having authority of law to issue such process, and that the process was legal in form, and we are of the opinion that the failure to allege to whom the liquor was furnished or sold is not such a defect as to notify or fairly apprise the officer that it was issued without authority. As was said by Justice MARSTON in *Wheaton* v. *Beecher,* 49 Mich., at pages 350, 351 (13 N. W. 769) :

"An officer to whom a criminal warrant is delivered by a magistrate may be indicted for refusing to serve or return the same. 1 Bish. Crim. Law, § 350. If no cause or an insufficient cause appear therein and the

person accused resists and kills the officer, then, according to the extent of the authority of the officer his death may be murder, manslaughter, or perhaps justifiable homicide. *Hoye* v. *Bush*, 1 M. & G. 775, cited in *Drennan* v. *People*, 10 Mich. 183.

"The officer is not bound to look behind a regular warrant coming from a proper jurisdiction.

"In many cases it must be exceedingly difficult for the officer or his advisers to determine whether a warrant is or is not defective upon its face, and in view of the peculiar position in which the officer is placed, in all such cases he cannot be held liable in a civil action for damages, for making the arrest."

See, also, *Gardner* v. *Couch*, 137 Mich. 358 (100 N. W. 673, 101 N. W. 802, 109 Am. St. Rep. 684) ; *Leger* v. *Warren*, 62 Ohio St. 500 (57 N. E. 506, 51 L. R. A. 193, and note, 78 Am. St. Rep. 738) ; *City of Lawton* v. *Harkins*, 34 Okl. 545 (126 Pac. 727, 42 L. R. A. [N. S.] 69, and note).

The complaint shows upon its face that it was made on the information and belief of the complaining witness, the defendant herein. It appears affirmatively from his testimony that no other witnesses were sworn before the warrant was issued. The failure to support the complaint by the examination of other witnesses was fatal to the jurisdiction of the justice to issue the warrant. In *People* v. *Heffron*, 53 Mich. 527, 529, 530 (19 N. W. 170), where the complaint was made on information and belief, the following is stated:

"This affidavit, within the repeated rulings of this court, as well as the most elementary principles of criminal law, is entirely insufficient to confer any jurisdiction upon the justice to issue a warrant for the arrest of the respondent. Bish. Cr. Pro. §§ 716-719; *Commonwealth* v. *Lottery Tickets*, 5 Cush. [Mass.] 369; *Brown* v. *Kelley*, 20 Mich. 27; *People* v. *Wayne Circuit Judge*, 36 Mich. 334; *Swart* v. *Kimball*, 43 Mich. 451 [5 N. W. 635]. The complaint must set up the facts constituting the offense on the *knowledge* of

the person making the complaint, and if he does not know them, other witnesses must be examined who do know them; and no person can be arrested on the mere belief of the person making the complaint. The liberty of the citizen is not held upon so slender a tenure as that. *Badger* v. *Reade,* 39 Mich. 774; *People* v. *Recorder of Albany,* 6 Hill [N. Y.], 429; *Proctor* v. *Prout,* 17 Mich. 473."

When the warrant recites that an examination has been had of witnesses, the court will presume that sufficient appeared to justify the issuance of a warrant and confer jurisdiction, even if the testimony has not been reduced to writing. *People* v. *Bechtel,* 80 Mich. 623 (45 N. W. 582) ; *Curnow* v. *Kessler,* 110 Mich. 10 (67 N. W. 982). In the instant case no examination is claimed by the justice, no recital of it is made in the warrant, and the contrary appears affirmatively from the evidence of the defendant, who made the complaint that no witnesses were sworn at the time the warrant was issued. The warrant issued was nevertheless fair on its face, and this proceeding against the process server is an action of false imprisonment alone. In such an action this court has not required the officer to look behind the process. In serving the process he has a right to rely on the warrant, and is not compelled to examine the complaint or other preliminary proceedings. *Wheaton* v. *Beecher, supra.*

We are of opinion that the trial judge properly refused to submit to the jury the question as to whether or not the defendant had the warrant at the time the arrest was made. The prosecuting attorney, who prepared the complaint and warrant prior to the arrest of the plaintiff, testified that he saw the paper, meaning the warrant, in the hands of the sheriff at the time the arrest was made. The defendant testified positively that he had the warrant at the time. Against

this there was no positive or direct testimony, and the plaintiff on cross-examination stated:

"*Q.* Can you now positively swear under oath that he did not have a paper in his hands at the time he arrested you?

"*A.* No; I could not positively swear that he did not.

"*Q.* So that, as a matter of truth, you are not certain now as to whether he had a warrant in his hand or not?

"*A.* No; he might have had. I did not take the time to look at his hands."

There was no evidence of such a nature as to justify submitting this question to the jury.

Judgment is affirmed.

McALVAY, C. J., and BROOKE, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.