PEOPLE v. DE GOENAGA.

1. CRIMINAL LAW—TRIAL—ARGUMENT OF COUNSEL.
    In a prosecution for adultery, where the defense was an alibi, the defendant claiming to have been in New York city, at the home of his sister, at the time the offense was alleged to have occurred, where the court excluded testimony offered to explain the absence of defendant's sister, it was reversible error for the prosecuting attorney, in his closing argument to the jury, to comment upon the failure of defendant to have his sister in court, and to insist that the failure to produce the witness in itself should be sufficient for the jury to find defendant guilty.

2. EVIDENCE—SECONDARY EVIDENCE—CONTENTS OF LETTER.
    Testimony as to the contents of a letter addressed to defendant was inadmissible, in a criminal prosecution, in the absence of a showing that the original was not in existence.

3. SAME—UNSIGNED LETTER—IDENTITY OF WRITER.
    The letter being unsigned, and no effort being made to identify the handwriting, testimony as to its contents was inadmissible.

. See notes in 46 L. R. A. 641; 34 L. R. A. (N. S.) 811.

Exceptions before judgment from Kalamazoo; Weimer, J. Submitted June 13, 1918. (Docket No. 99.) Decided July 18, 1918.

Augusto De Goenaga was convicted of adultery. Reversed.

*Earl L. Burhans* and *W. J. Barnard,* for appellant.

*Frank F. Ford,* Prosecuting Attorney, for the people.

KUHN, J. The respondent was convicted on an information charging him with having committed the crime of adultery on the 14th day of January, A. D. 1917, with one Luella M. Keller. The case is brought here on exceptions before sentence.

The defense in this case was an alibi, and it was sought to show by witnesses that at the time the offense was alleged to have occurred, the respondent was in New York city at the home of his sister, Mrs. Lewis Seller. Upon the trial, while the respondent was upon the stand, his counsel attempted to show the reason for her absence from the trial, and the following occurred:

"*Q.* Was she to be a witness here for you?

"*Mr. Ford:* Object.

"*Mr. Barnard:* I just want to show her absence.

"*Mr. Ford:* I object to the question, calls for hearsay entirely.

"*Mr. Barnard:* I show your honor here a letter since the trial begun—

"*The Court:* I think I will sustain the objection to that last question.

"*Mr. Barnard:* An exception."

(Exhibit "L" marked.)

Witness presented with Exhibit "L," stated it is a letter he received from his sister in New York, Mrs. Seller. "I received it a couple of days ago, since the trial started; yes, sir.

"*Q.* I will ask you whether you were informed that it would be impossible for her to be here on account of the sickness of her husband?

"*A.* Yes, sir.

"*Mr. Ford:* Just a minute. I object to that and ask that answer be stricken out.

"*The Court:* It should go out. Objection sustained. The jury will pay no attention to it."

During the prosecutor's closing argument to the jury he, over repeated exception taken by respondent's counsel, commented upon the failure of respondent to have his sister in court, and in part said as follows:

"*Mr. Ford:* I say to you, gentlemen, it is perfectly proper for you to consider that proposition, and the court will charge you to that effect, and if he will not, he will stop me in any incorrect argument I make. I say to you this defendant's sister from New York should have appeared here if the defendant saw fit to have her.

"*Mr. Barnard:* I take an exception.

"*Mr. Ford:* And if she had not been produced, and could not be produced, my brother can talk about what the law permits, it allows the defendant to take a deposition in the city of New York or any witnesses that cannot come here, and to serve notice upon the prosecutor to go to New York with him and take a deposition of a material witness in this case; they could have done that. Why didn't they? Gentlemen, I think that point and that alone is sufficient to enable you to find this respondent guilty. Where is the sister's testimony? It is absolutely absent. We don't know whether she wanted to come or whether she didn't want to come to bolster up this defendant's case.

"*Mr. Barnard:* I take an exception to this line of argument.

"*Mr. Ford:* But we know she didn't come. She probably would have come personally to help out her brother in this. If she could have testified that he was there, and if she could not have come by reason of sickness or something else; her deposition could have been taken in a month upon my brother's serving

notice upon our office to go there and take depositions that could have been introduced here."

Irrespective of whether the court acted properly in excluding the testimony by which it was sought to explain the absence of the witness, the testimony having been excluded and the respondent having been denied the opportunity of making an explanation, it was clearly improper and highly prejudicial to respondent's case to allow the prosecuting attorney in his closing argument to dwell upon the failure to produce the witness and to insist that the failure to produce the witness in itself should be sufficient for the jury to find the respondent guilty. This, in itself, in our opinion, is sufficient error to cause a reversal of this conviction.

On the trial, during the examination of the witness Burton Parkhurst, who had been called for cross-examination, the prosecutor offered, and the witness was allowed to testify, as to the contents of a letter which was addressed to the respondent and which was opened and read by the witness before delivering it to the respondent. It appears that it was an unsigned communication, and no proof was offered to identify the handwriting. The court stated, when objection was made, "It is the claim of the people it was from the Keller girl." In our opinion, no evidence as to the contents of this letter should have been allowed to be produced, as it was not shown that the original was not in existence, and further, if secondary evidence of its contents were permissible, it being an unsigned communication, no effort was made to show that it was in the handwriting of the Keller girl.

As the other incidents of the trial which are made the subject of assignments of error will, in all probability, not occur again upon a new trial, it will be unnecessary to discuss them in this opinion.

For the errors above discussed, which it must be

said denied the respondent that fair and impartial trial to which he is entitled under our Constitution and laws, and which it also must be said resulted in a miscarriage of justice, the conviction will be reversed and a new trial granted.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred.