PEOPLE v NIEVES

Docket No. 77-4262. Submitted May 1, 1979, at Grand Rapids.—Decided October 1, 1979.

Jose Nieves was convicted of possession of heroin with intent to deliver, Muskegon Circuit Court, Charles A. Larnard, J. Defendant appeals, alleging that the trial court erred by admitting into evidence testimony that the defendant had made prior heroin sales to an investigator. *Held:*

The testimony regarding the prior sales was sufficient to satisfy the requirements for admission under the statute which allows such evidence for the purpose of showing a defendant's plan, scheme or intent. The only disputed issue in this case was the defendant's intent to deliver the heroin, thus the evidence was probative of a material element of the crime charged and was properly admitted.

Affirmed.

1. CRIMINAL LAW — EVIDENCE — PRIOR BAD ACTS — STATUTES.

Evidence of a defendant's prior bad acts may be admissible only where 1) there is substantial evidence that the defendant actually perpetrated the bad act, evidence of which is sought to be introduced, 2) there are some special circumstances of the prior bad act which tend to prove one of the statutory elements of the crime charged and 3) the defendant's motive, intent, absence of mistake or accident, scheme, plan or system must be material to the determination of the defendant's guilt of the charged offense (MCL 768.27; MSA 28.1050).

2. CRIMINAL LAW — EVIDENCE — PRIOR BAD ACTS — STATUTES.

The question of whether there is sufficient proof that a defendant committed a prior bad act to make admissible evidence of that act under the prior act statute is decided on a case-by-case basis; such evidence may be entirely circumstantial, and even an acquittal on charges arising from the prior act does not

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 333.
[2, 4] 29 Am Jur 2d, Evidence § 321.
[3] 29 Am Jur 2d, Evidence § 324.

establish that the defendant did not commit it (MCL 768.27; MSA 28.1050).

3. CRIMINAL LAW — EVIDENCE — PRIOR BAD ACTS — INTENT TO
   DELIVER HEROIN — STATUTES.

   Evidence of a defendant's prior acts of delivery of heroin may properly be admitted to show the defendant's intent to deliver in a trial for possession of heroin with intent to deliver (MCL 768.27; MSA 28.1050).

4. CRIMINAL LAW — EVIDENCE — PRIOR BAD ACTS — PROBATIVE
   VALUE — PREJUDICE.

   Evidence of a defendant's prior bad acts, which may otherwise be admissible pursuant to statute to show the defendant's plan, scheme, or intent, may only be admitted if the probative value of the evidence outweighs its prejudicial effect.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Gerald D. Warner,* Prosecuting Attorney, and *Stephen C. Corwin,* Assistant Prosecuting Attorney, for the people.

*Paul M. Ladas,* for defendant on appeal.

Before: MACKENZIE, P.J., and D. E. HOLBROOK, JR., and CYNAR, JJ.

CYNAR, J. On July 27, 1977, defendant was convicted by a jury of possession of heroin with intent to deliver. MCL 335.341(1)(a); MSA 18.1070(41)(1)(a). He was sentenced to a term of 13 years 4 months to 20 years imprisonment and now appeals as of right.

The principal witness for the prosecution was Amanda Everett, defendant's girlfriend, who was granted immunity in return for her testimony. She testified that a few days prior to April 1, 1977, she and defendant went to Detroit where he bought some heroin. This heroin was kept in her closet until April 1, 1977, when the police raided her home. At this time she hid the heroin in a sock.

This heroin was subsequently seized by a jail matron and later determined to contain 210 to 840 doses. She also testified that defendant had told her he made his living selling heroin and that he desired to set up operations in Muskegon County. She also indicated that defendant had previously given her and her friends heroin. This latter assertion was corroborated by another witness.

Detective John Jurkas testified that on April 4, 1977, defendant told him the heroin in question belonged to him and not Amanda Everett. No evidence was introduced by defendant disputing that the heroin was his. Defendant's theory of the case was that the heroin was for his own personal use and consumption and that he did not intend to deliver it.

Defendant raises a single issue on appeal. He contends that the trial court erred in admitting testimony, under MCL 768.27; MSA 28.1050, of prior heroin sales by defendant to Kenneth Rhodes, an investigator for the Drug Enforcement Administration. Over objection, Rhodes testified that on two occasions in February of 1975, he had purchased heroin from defendant. On one occasion he purchased an ounce of heroin for $1,050; on another occasion he purchased two ounces for $2,100. He further testified that he made arrangements to purchase a pound of heroin for $22,000, but that the deal was aborted when Rhodes was picked up by the police.

MCL 768.27; MSA 28.1050 states:

"In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the

defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant."

For prior acts to be admissible under the statute, a three-prong test must be met: (1) There must be substantial evidence that defendant actually perpetrated the bad act, evidence of which is sought to be introduced; (2) there must be some special circumstances of the prior bad act which tend to prove one of the statutory items; and (3) the defendant's motive, intent, absence of mistake or accident, scheme, plan or system must be material to the determination of the defendant's guilt of the charged offense. *People v Wilkins*, 82 Mich App 260, 267-268; 266 NW2d 781 (1978). We conclude that each of these requirements was met in the present case.

The question of whether there is sufficient proof to establish that defendant committed the prior act is necessarily decided on a case-by-case basis. Such proof may be strictly circumstantial, see *People v Allen*, 351 Mich 535; 88 NW2d 433 (1958), and even an acquittal on charges arising out of the act does not establish that defendant did not commit it. *People v Oliphant*, 399 Mich 472; 250 NW2d 443 (1976). In the present case Rhodes testified from first-hand knowledge as to defendant's participation in the prior sales and as to the results of his own tests confirming that the substances purchased were heroin. This is sufficient to satisfy the first prong of the test.

We further conclude that the prior acts of defendant tend to establish his intent to deliver heroin in the present case. The prior sales tend to prove

that defendant was a heroin dealer and not merely a narcotics user. Numerous cases from this Court support the admission of prior heroin sales in prosecutions for delivery of a controlled substance. See *People v Anderson,* 13 Mich App 247; 163 NW2d 793 (1968), *People v Peck,* 39 Mich App 150; 197 NW2d 346 (1972), *People v Rhinehart,* 70 Mich App 390; 245 NW2d 763 (1976), *People v Koehler,* 54 Mich App 624; 221 NW2d 398 (1974), *People v Harper,* 39 Mich App 134; 197 NW2d 338 (1972), *People v Jones,* 38 Mich App 512; 196 NW2d 817 (1972), and *People v McNeal,* 72 Mich App 507; 250 NW2d 110 (1976). The evidence was admitted in these cases to show plan or scheme or, as in this case, defendant's intent to deliver. As such it satisfies the second prong of the *Wilkins* test.

The final prong of the test is the easiest to satisfy. Intent to deliver is one of the elements of the offense charged. Further, defendant's theory of the case, admitting possession but denying the intent to deliver, focused upon the question of intent. Thus, defendant's intent was clearly material to the determination of guilt.

However, this does not end our analysis. Even when the three-prong test is satisfied the trial judge still has a duty to determine if the probative value of the evidence outweighs its prejudicial effect. *People v Wilkins, supra,* 270.

In the present case, the trial judge expressly recognized the necessity of balancing these factors. His ruling, admitting the evidence, implicitly indicated that he considered the probative value of the evidence as outweighing its prejudicial effect.

We find no error in the trial judge's determination. A person's intent in a particular instance is seldom provable by direct evidence. Rather, this element is usually at best inferred from the cir-

cumstances surrounding the act in question. Thus, intent or any mental state is often the most difficult element of an offense to prove.

The above analysis is important to consider when determining the probative value of the similar acts evidence in the present case. Defendant's intent was the only disputed issue. In order to prove intent to deliver the prosecution had to rely upon inferences drawn from general statements made by defendant and the amount of drugs involved. Although this evidence would have been sufficient to support a conviction on the charged offense, such a result was not a certainty. Thus, the similar acts testimony had a significant probative value in establishing the key element at trial. Although we recognize that the admission of similar act testimony will always have a certain amount of prejudicial impact, we conclude that the probative value of the evidence outweighed its prejudicial effect and that the evidence was properly admitted.

Affirmed.

D. E. HOLBROOK, JR., J., concurs in the result only.