PEOPLE v SWINDLEHURST

Docket No. 56052. Submitted February 3, 1982, at Lansing.—Decided
October 19, 1982. Leave to appeal denied, 417 Mich 900.

Charles H. Swindlehurst was convicted by a jury in the Isabella
Circuit Court, Paul F. O'Connell, J., of delivery of cocaine and
was sentenced to life probation. Defendant appeals from the
conviction and sentence alleging several errors. *Held:*

1. The controlled substances provisions of the Public Health
Code do not violate the title-object clause of Michigan's Consti-
tution.

2. There is no merit to defendant's argument that the infor-
mation was inadequate because it did not name the party to
whom he was alleged to have delivered cocaine. Defendant
failed to object to the alleged defect in a timely manner or
demand a bill of particulars. This issue has previously been
decided by the Court of Appeals in a manner adverse to
defendant's position.

3. Defendant's claim that he was prejudiced when evidence
regarding two similar offenses was admitted fails under the
three-part test to be applied when ascertaining whether error
occurred in the admission of similar act testimony and also
because its prejudicial nature does not outweigh its probative
value.

4. Defendant's argument that the failure to mention the

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 17.

[2] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 41, 42.

[3] 29 Am Jur 2d, Evidence § 327.
  81 Am Jur 2d, Witnesses § 569.

[4] 21 Am Jur 2d, Criminal Law §§ 167, 168.

[5] 21A Am Jur 2d, Criminal Law § 752.
  75 Am Jur 2d, Trial § 269.

[6] 21A Am Jur 2d, Criminal §§ 752, 984.

[7] 21 Am Jur 2d, Criminal Law § 210 *et seq.*

[8] 75 Am Jur 2d, Trial § 307.
  Propriety and effect of attack on opposing counsel during trial of
  criminal case. 99 ALR2d 508.

[9, 10] 75 Am Jur 2d, Trial § 315.

principal's name in the information on which he was convicted on a theory of aiding and abetting requires reversal is without merit. The distinction between an aider and abettor and a principal has been abolished in Michigan. The prosecutor need not set forth his theory of law in the information and defendant could have ascertained the name of the principal with a request for a bill of particulars.

5. The Court of Appeals will not find error and substitute its judgment for that of trial counsel in matters of trial strategy such as the bringing up of defendant's participation in previous controlled substances deliveries while not conceding defendant's involvement in the instant delivery.

6. The prosecutor erred in commenting during closing argument on defendant's failure to present a corroborating accomplice witness since it would have been error for either the prosecutor or defense counsel to call the witness under the circumstances where there was reason to believe that he would invoke his Fifth Amendment privilege. However, defendant's failure to object waived any error.

7. Defendant's argument that his counsel was ineffective in failing to object to the prosecutor's improper argument about defendant having failed to call the accomplice as a witness also fails since it is not reasonably likely that he would have been acquitted had his counsel objected.

Affirmed.

1. CONTROLLED SUBSTANCES — PUBLIC HEALTH CODE — CONSTITUTIONAL LAW.

The controlled substances provisions of the Public Health Code do not violate the title-object clause of the Michigan Constitution (Const 1963, art 4, § 24; MCL 333.7101 *et seq.;* MSA 14.15[7101] *et seq.).*

2. INDICTMENT AND INFORMATION — CONTROLLED SUBSTANCES — DELIVERY.

An information charging a defendant with the delivery of a controlled substance may be sufficiently specific to give the defendant the notice required by due process even though the party to whom the controlled substance was delivered is not stated therein.

3. CRIMINAL LAW — IMPEACHMENT — PRIOR BAD ACTS.

A four-part test is to be applied when ascertaining whether error occurred in the admission of similar act testimony at a defendant's trial: (1) substantial evidence must be presented to show that the defendant had committed the prior offenses; (2) there

must be some special circumstances of the prior bad acts which tend to prove one of the statutory items; (3) the particular statutory item must be material to the case; (4) the probative value of the similar act testimony must outweigh its prejudicial effect.

4. CRIMINAL LAW — AIDERS AND ABETTORS — PRINCIPALS.

Michigan has abolished the distinction between an aider and abettor and a principal to a crime (MCL 767.39; MSA 28.979).

5. TRIAL — TRIAL TACTICS — EFFECTIVE ASSISTANCE OF COUNSEL.

The intentional introduction by defense counsel of a defendant's prior criminal record is a legitimate trial tactic, and does not constitute ineffective assistance of counsel.

6. APPEAL — TRIAL STRATEGY — EFFECTIVE ASSISTANCE OF COUNSEL.

The Court of Appeals will not substitute its judgment for that of trial counsel in matters of trial strategy.

7. TRIAL — CRIMINAL LAW — WITNESSES — PRIVILEGE.

A prosecutor or defense counsel may not call a witness to testify knowing that he will claim a valid privilege not to testify.

8. CRIMINAL LAW — TRIAL — PROSECUTORIAL COMMENT.

A prosecutor may not denigrate an opponent for failure to do something which would have been improper if done.

9. CRIMINAL LAW — TRIAL — IMPROPER COMMENTS — FAILURE TO OBJECT — WAIVER OF ERROR.

A defendant's failure to object to improper comments by a prosecutor during his closing argument is a waiver of any errors occasioned by such comments.

10. APPEAL — NEW TRIAL — INEFFECTIVE ASSISTANCE OF COUNSEL — IMPROPER REMARKS — TIMELY OBJECTION.

A new trial will not be ordered on the ground that a defendant's trial counsel was ineffective because he did not object to the prosecutor's improper remarks during closing argument regarding the defendant's failure to present a corroborating accomplice witness where it is not reasonably likely that the defendant would have been acquitted if defense counsel had made a timely objection.

*Frank J. Kelley*, Attorney General, *Louis J.*

*Caruso,* Solicitor General, *Joseph T. Barberi,* Prosecuting Attorney, and *Thomas C. Nelson,* Assistant Attorney General, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: BEASLEY, P.J., and T. M. BURNS and E. A. QUINNELL,* JJ.

PER CURIAM. Defendant appeals as of right from his September 26, 1980, jury conviction of delivery of cocaine. MCL 333.7401, subds (1) and (2)(a)(iii); MSA 14.15(7401), subds (1) and (2)(a)(iii). He was sentenced to life probation and appeals as of right.

Defendant first argues that the controlled substances provisions of the Public Health Code violate the title-object clause of our state constitution. This argument, however, has been rejected by this Court. *People v Ensign (On Rehearing),* 112 Mich App 286; 315 NW2d 570 (1982); *People v Trupiano,* 97 Mich App 416; 296 NW2d 49 (1980), *lv den* 409 Mich 895 (1980).

Similarly, there is no merit to defendant's argument that the information was inadequate because it did not name the party to whom he was alleged to have delivered cocaine. We note that the defendant failed to object to this alleged defect in the information in a timely manner. *People v O'Brien,* 60 Mich 8; 26 NW 795 (1886). Further, this issue was decided in a manner adverse to his position in *People v Carriger,* 37 Mich App 605; 195 NW2d 25 (1972), *lv den* 388 Mich 812 (1972). Defendant could have demanded a bill of particulars had he wished.[1]

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] We do realize that certain 19th Century cases in this state require

Defendant next claims that he was prejudiced at trial when evidence regarding two similar offenses was admitted. The record does not reflect that defendant objected to this evidence, but we have considered this issue nonetheless.

In *People v Nieves,* 92 Mich App 613; 285 NW2d 389 (1979), this Court enunciated a three-part test to be applied when ascertaining whether error occurred in the admission of similar act testimony. First, substantial evidence must be presented to show that the defendant had committed the prior offenses; second, there must be some special circumstances of the prior bad acts that tended to prove one of the statutory items; and third, the particular statutory item must be material to the case. To these three factors must be added the requirement that the probative value of the similar act testimony must outweigh its prejudicial effects. *People v Duncan,* 402 Mich 1; 260 NW2d 58 (1977).

In the present case, substantial evidence was presented to establish that defendant committed the prior offenses. With regard to the second part of the test, the statutory item established by this evidence was "knowledge", that is, the prior sales tended to establish that defendant was a heroin dealer and not merely a narcotics user. *Nieves, supra,* 616-617. Further, evidence pertaining to defendant's intent or knowledge was a material issue in this case. Finally, upon consideration of

that the person to whom contraband is furnished be identified in the information. *E.g., People v Keefer,* 97 Mich 15; 56 NW 105 (1893); *People v Heffron,* 53 Mich 527; 19 NW 170 (1884); *People v Minnock,* 52 Mich 628; 18 NW 390 (1884). However, they have not been relied on since *Brown v Hadwin,* 182 Mich 491; 148 NW 693 (1914). Further, we note that leave to appeal was denied in *Carriger.*

the whole record, we cannot say with firm conviction that the trial judge abused his discretion in admitting this evidence; that is, its prejudicial nature does not outweigh its probative value.

We also find to be without merit defendant's argument that the failure to mention the principal's name in the information on which he was convicted, on a theory of aiding and abetting, requires reversal. See *People v Lamson,* 44 Mich App 447; 205 NW2d 189 (1973), *lv den* 389 Mich 783 (1973). The distinction between an aider and abettor and a principal has been abolished in this state. MCL 767.39; MSA 28.979. Therefore, *Mulligan v Commonwealth,* 84 Ky 229; 1 SW 417 (1886), is distinguishable. A prosecutor need not set forth his theory of law in the information and if a criminal defendant wishes to ascertain the name of the principal, he may request a bill of particulars. *Carriger, supra.*

Defendant next argues that error occurred because his counsel's argument to the jury amounted to a confession of guilt. The record discloses that defense counsel admitted defendant's participation in two previous deliveries of controlled substances but that he did not concede defendant's involvement with the instant one. While there are certain hazards to admitting the familiarity of a defendant with the type of crime with which he is charged, this strategy is effective to neutralize the damaging effect of a prosecutor's evidence in some cases. Intentionally bringing up past criminal convictions does not make counsel ineffective and, in fact, it is a legitimate trial tactic. *People v Armstrong,* 100 Mich App 423; 298 NW2d 752 (1980), *lv den* 412 Mich 865 (1981). Although the tactic was not effective in this case, this Court will not substitute its judgment for that of trial counsel in matters of

trial strategy. *People v Lotter,* 103 Mich App 386; 302 NW2d 879 (1981), *lv den* 412 Mich 852 (1981).

Defendant next claims that the prosecutor impermissibly shifted the burden of proof when he commented during closing argument to the jury on defendant's failure to present a corroborating accomplice witness.

The witness in question, one Evans, had pled guilty and was awaiting sentence at the time of this trial. The record is silent as to whether, if he had been called by either side, he would have claimed his Fifth Amendment privilege. Having in mind the possibilities of a withdrawal of his guilty plea, or a successful appellate challenge to his conviction, there is reason to believe that he would have invoked his Fifth Amendment privilege if called.

It would have been error for either the prosecutor or defense counsel to call Evans as a witness under such circumstances. *People v Giacalone,* 399 Mich 642; 250 NW2d 492 (1977). See also *People v DeGoenaga,* 202 Mich 503; 168 NW 436 (1918). A prosecutor should not denigrate an opponent for failure to do something which would have been improper if done.[2] However, the record indicates that defendant failed to object to the comments of the prosecutor during closing argument. For this reason, any error has been waived. *People v Clemons,* 91 Mich App 68; 282 NW2d 838 (1979), *remanded on other grounds* 407 Mich 939 (1979).

Nor can we agree with defendant's argument that his counsel was ineffective because he did not object to the similar acts testimony, because he did not object to the form of the information, and

---

[2] As such, this is an exception to the general rule announced in *People v Jackson,* 108 Mich App 346, 351-352; 310 NW2d 238 (1981).

because he did not object to the prosecutor's statement in his closing argument that the defendant could have called a corroborating witness. The similar acts evidence properly was admitted into evidence and the information was not defective. Further, under the standard of *People v Degraffenreid,* 19 Mich App 702; 173 NW2d 317 (1969), we find it not reasonably likely that defendant would have been acquitted if defense counsel had objected to the prosecutor's improper argument about defendant having failed to call the accomplice as a witness.

Affirmed.